Lamar H. MILLER, Plaintiff-Appellant,

v.

NEW YORK CENTRAL RAILROAD COMPANY, Defendant-Appellee.

No. 11634.

United States Court of Appeals Seventh Circuit.

Dec. 12, 1956.

---

Roland Obenchain, Jr., Roland Obenchain, Sr., Jones, Oberchain & Ford, South Bend, Ind., for plaintiff-appellant.

Joseph A. Roper, South Bend, Ind., Gallitzen A. Farabaugh, Farabaugh, Chapleau & Roper, South Bend, Ind., for defendant-appellee.

Before MAJOR, LINDLEY and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This is an action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and the Safety Appliance Act, 45 U.S.C.A. § 1 et seq., for damages resulting from injuries sustained by plaintiff, Lamar H. Miller, an employee of the defendant, New York Central Railroad Company.

The jury returned a verdict for the Railroad and judgment was entered thereon. Plaintiff claims as error certain procedural irregularities and the failure of the District Court to grant plaintiff's motion for a directed verdict or his motion for a new trial.

The plaintiff claims to have been injured as a result of a negligent train movement in defendant's yards at Elkhart, Indiana. Plaintiff was assigned at Blue Island, Illinois, as conductor to a freight train destined for New York City, New York, with Elkhart as an intermediate stop. The train consisted of a three unit diesel engine, 94 loaded freight cars and a caboose. At Elkhart the train was diverted from the main line onto a yard track for the purpose of "yarding it." Due to a curve in the trackage and the fact that it was dark, the engineer could not see a number of livestock cars on the yard track designated for his train until it had travelled a distance onto the yard track. Upon seeing this obstruction to the passage of his train the engineer applied the engine brake and stopped the train seven or eight car lengths distant from the livestock cars.

Plaintiff, who was riding in the caboose as his duties required, alleged that the stop was abrupt and caused him to be thrown about the caboose, which resulted in the injuries complained of.

There were two methods by which the engineer could have stopped the train: (1) the automatic air brake, which applies braking power to each unit of the train simultaneously; and (2) the engine brake, which causes only the engine wheels to stop. When this latter brake is applied, unless the engineer has permitted the train to drift for a sufficient distance to allow the slack, i. e., the difference between the maximum and minimum lengths of a train, which in the instant case was approximately 100 feet, to drift up against the engine, the result is a jolting stop particularly for the rear end of the train.

Plaintiff argued below that the Railroad, through the acts of its agents, was negligent in directing the train onto an obstructed track; that the action of the engineer in using the engine brake rather than the automatic air brake was negligent, was in violation of the Railroad's

operating rules, and constituted a violation of Sections 1 and 9 of the Safety Appliance Act.

On appeal plaintiff insists that the issue of contributory negligence should have been withdrawn from the jury because there was no evidence to sustain a finding that plaintiff was guilty of negligence which contributed in whole or in part to his injuries, and because contributory negligence is not available for any purpose when the violation of any statute enacted for the safety of employees contributed to the injury of such an employee.

█ There was sufficient evidence to justify submission of the issue of contributory negligence to the jury. Plaintiff knew that the train was entering the yard and that a Company rule required that train employees when riding in a caboose must be on guard against sudden stops and resulting shock. Nevertheless, plaintiff rose from a position of apparent safety to close a caboose door which had come open. The jury would have been justified in finding that plaintiff did not exercise due care for his personal safety although the circumstances indicated the course of conduct that he should have followed. Such a finding would have been substantiated by the fact that the rear brakeman, who was also riding in the caboose, remained seated and was not injured.

██ It is correct, as urged by plaintiff, that contributory negligence was not an issue in so far as there was a violation of any statute enacted for his safety which contributed to the injuries that he allegedly sustained. 45 U.S.C.A. § 53. However, contributory negligence was an issue as regards plaintiff's claim of general negligence under the Federal Employers' Liability Act. 45 U.S.C.A. § 53. Thus, an instruction recognizing this distinction was called for. Cf. O'Donnell v. Elgin, J. & E. Ry. Co., 338 U.S. 384, 393, 70 S.Ct. 200, 94 L.Ed. 187. But plaintiff did not tender such an instruction to the trial judge, nor did plaintiff, before the jury retired to consider its verdict, object to the instruc-

tion as given in this regard, stating distinctly the matter to which he objected and the grounds of his objection. Plaintiff is therefore precluded from assigning this as error. Rule 51, Federal Rules of Civil Procedure, 28 U.S.C.A.; Ditter v. Yellow Cab Co., 7 Cir., 221 F. 2d 894. Plaintiff insists that its motion for a directed verdict at the close of all the evidence served the purpose of an objection pursuant to Rule 51. However, this motion merely requested that the court direct the jury to return a verdict for the plaintiff on the issues of negligence and/or contributory negligence raised by the pleadings. The motion did not contain or even suggest the grounds for such action and was woefully inadequate for the purpose of making known to the trial court plaintiff's objections or the grounds therefor. See Rule 46, Federal Rules of Civil Procedure, 28 U.S.C.A. The purpose of Rules 51 and 46 is to inform the trial judge of possible errors, that he may have an opportunity to consider his rulings and if necessary correct them. It appears from the record that the point urged on appeal was not called to the attention of the trial court in such a manner as to clearly advise it as to the question of law involved, and therefore this court may not consider the issue.

█ Plaintiff next urges that the trial court erred in failing to direct a verdict on the issue of the Railroad's negligence. Plaintiff's contention in this regard is utterly lacking in merit. There was evidence from which the jury could properly find that the stop was normal and smooth; that the engineer succeeded in getting the cars "bunched" together before he applied the engine brake and consequently that the stop was not rough; that the application of the automatic air brake by the engineer rather than the engine brake would have caused a rougher stop; that the Railroad's operating rules concerning braking procedure were not violated; and that the diversion of the train onto the obstructed track was neither negligent nor a proximate cause of plaintiff's injuries. The

issue of the carrier's negligence was properly submitted to the jury. Wilkerson v. McCarthy, 336 U.S. 53, 69 S.Ct. 413, 93 L.Ed. 497.

■ Plaintiff complains that the trial court erred in refusing to permit the jury to have certain exhibits with it during deliberation. The exhibits were a number of X-rays and the Railroad's "Rules for the Government of the Operating Department." The latter was a small book of 165 pages containing numerous rules, only a limited number of which were applicable to the instant case. The pertinent rules were received in evidence, read to the jury and passed among the jurors. The rules were covered by appropriate instructions and were the subject of comment and emphasis by plaintiff's counsel in his summation to the jury. We fail to see in what manner plaintiff was prejudiced. Nevertheless, the record does not disclose any request by plaintiff that the jury have such exhibits nor a denial of such request by the trial judge. In short, if any error was committed it was that of plaintiff not the trial court. Furthermore, this is an area which lies in the sound discretion of the trial court, and on the facts of the instant case we cannot say that it was an abuse of discretion by the trial judge if he did refuse a request by plaintiff that the jury be permitted to take the exhibits to the jury room. Murray v. United States, 76 U.S. App.D.C. 179, 130 F.2d 442.

■■ Finally, plaintiff complains of the trial court's denial of his motion for a new trial. We have decided that the issues of negligence and contributory negligence were properly submitted to the jury, that the trial court did not err in refusing to permit the jury to have the exhibits with it during deliberation and that such error as may exist was not preserved by plaintiff for our consideration. Under these circumstances we cannot say, as urged by plaintiff, that the jury's verdict was capricious or that plaintiff was the victim of a "miscarriage of justice." To the contrary, the verdict is well supported by the evidence. A motion for a new trial is addressed to the sound discretion of the trial court and the court's ruling thereon will not be disturbed on appeal in the absence of a showing of clear abuse of such discretion. Flener v. Louisville & N. R. Co., 7 Cir., 198 F.2d 77. Plaintiff has made no such showing and it is apparent from the record that the trial judge did not abuse his discretion in denying the motion.

Finding no reversible error, the judgment of the District Court is

Affirmed.