Guy A. Thompson, Trustee New Orleans, Texas & Mexico Railway Company v. Jay Lee Gibson

No. A-5912. Decided February 26, 1958.
(310 S.W. 2d Series 564)

*Hutcheson, Taliaferror & Hutchinson, Woodul, Arterbury & Wren, Carrall R. Graham* and *Howard S. Hoover,* all of Houston, for petitioner.

*Doerner, Rinehart & Stuart,* of Tulsa, Okla., and *Fred Parks,* of Houston for respondent.

MR. JUSTICE SMITH delivered the opinion of the Court.

This is a negligence case brought by respondent against the petitioner under the Federal Employers' Liability Act seeking damages for injuries suffered as a result of the failure of peti-

titioner to provide the respondent with a safe place to work. A judgment, based upon a jury verdict in favor of respondent, was affirmed by the Court of Civil Appeals. See the citation of that opinion in Vol. 290 S.W. 2d 305 for a full statement of the facts, as well as the opinion of this Court appearing in 156 Texas 593, 298 S.W. 2d 97. The judgment of this Court reversing that of the trial court and the Court of Civil Appeals has been reversed by the United States Supreme Court. That Court, in a Per Curiam opinion, [355 U.S. 18, 78 Sup. Ct. 2, 3, 2 L. Ed. 2d 1,] held that the "proofs justified with reason the jury's conclusion that employer negligence played a part in producing the petitioner's (respondent's) injury."

The court cited the case of Rogers v. Missouri Pacific R. Co., 352 U.S. 500 and several other cases as authority supporting such conclusion. As a consequence of such holding the Court entered its judgment of reversal and remanded the cause to this Court. This action renders it necessary that we consider points of error which were presented in the original petition for writ of error and were not considered in our former opinion. Our holding of no evidence of negligence rendered it unnecessary to pass upon these points at that time. One of the points presented, and not heretofore decided, is to the effect that the negligence of the respondent, as found by the jury, was, as a matter of law, a proximate cause of respondent's injuries. It was petitioner's contention that the respondent, an engineer, was guilty of contributory negligence in failing to use a flashlight in walking from its roundhouse to his engine on the occasion of the accident, and that such negligence was a proximate cause of respondent's injuries. Special issues were submitted to the jury and that body found the respondent guilty of contributory negligence in failing to use a flashlight, but found that such negligence was not a proximate cause of the injuries sustained by respondent. We overrule petitioner's contention that the negligence, as found by the jury, was, as a matter of law, a proximate cause of respondent's injuries. The jury found, in answer to another special issue, that petitioner had not failed to properly illuminate that portion of the railroad yard which the respondent was required to traverse in walking from the roundhouse to the point where his engine was stationed. The respondent testified that there were billions of rocks out there on the yard, but that he did not see the particular rock upon which he stepped and which caused him to fall.

The petitioner argues that since the jury also found that the respondent was keeping a proper lookout and since the par-

ticular rock was larger and in that respect different from the other rocks, the respondent could have avoided stepping on it if he had been using his flashlight. This reasoning has led the petitioner to conclude that the negligence of the respondent, as found by the jury, was a proximate cause, as a matter of law, of respondent's fall. With this contention we do not agree. The evidence in this case raised a fact issue on proximate cause. The jury evidently concluded from the evidence that respondent, under the circumstances, was negligent in failing to use a flashlight, but that the use thereof would not have prevented the accident. In view of the record and the finding of the jury on the issue of proximate cause submitted in connection with the issue on respondent's contributory negligence, we cannot hold, as a matter of law, that there was a casual connection between the failure to use the flashlight and the fall.

The only other point not heretofore considered was one to the effect that the Court of Civil Appeals erred in applying an erroneous rule of law in overruling petitioner-appellant's points in that Court which were to the effect that the answers of the jury to certain negligence and proximate cause special issues were so against the great weight and preponderance of the evidence as to be manifestly wrong.

It does not clearly appear from the opinion of the Court of Civil Appeals that an erroneous rule of law was applied in considering the question involved in this point. Therefore, it is overruled.

Since the United States Supreme Court has held that under the proof the jury was justified in reaching the conclusion that petitioner's negligence played a part in producing the respondent's injury, we so hold. This, together with our conclusions on the points herein discussed, require that the judgment of the trial court and the Court of Civil Appeals be in all things affirmed. It is so ordered, and all costs are adjudged against the petitioner.

Opinion delivered February 26, 1958.