**Joseph D. MASTERSON, Plaintiff,**

v.

**NEW YORK CENTRAL RAILROAD COMPANY, a corporation, Defendant.**

**Civ. A. No. 524.**

United States District Court
W. D. Pennsylvania.
Nov. 6, 1959.

Bernsteen, Bernsteen & Gaines, Cleveland, Ohio, Fred B. Sieber, Erie, Pa., for plaintiff.

Paul Lamb, Cleveland, Ohio, Gifford, Graham, McDonald & Illig, Erie, Pa., for defendant.

WILLSON, District Judge.

In this case, tried to a jury, the verdict was for the defendant. Plaintiff filed a timely motion for a new trial. His motion is grounded on the proposition that in charging the jury the court failed to grant plaintiff's third request for charge, which reads:

"3. Should you find by a fair preponderance of all the evidence in the case, that something which was part of the train and which was under the exclusive control of the defendant railroad and with respect to which plaintiff exercised no control, struck the plaintiff directly injuring him, then the doctrine of res ipsa loquitur applies. Jesionowski v. B[oston] & M. R. R., 329 U.S. 452 [67 S.Ct. 401, 91 L.Ed. 416]"

The request for charge was refused because inconsistent with the allegations in the Complaint as well as inconsistent with the position taken by plaintiff and his experienced and able counsel throughout the trial and finally because not warranted by the evidence introduced during the trial.

The Complaint was filed in the Northern District of Ohio, Eastern Division, and transferred to this court, the case being tried at Erie during the June term, 1958. On December 5, 1956, plain-

tiff was injured in the course of his employment while working as a brakeman for the defendant. The Complaint was drawn under both the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and the Federal Safety Appliance Acts, 45 U.S.C.A. § 1 et seq., but in the third paragraph of the Complaint plaintiff alleges:

> "3. On or about December 5, 1956, pursuant to the duty he owed this defendant, he was looking out of the side window of a caboose when suddenly a part of a brake shoe on one of the cars of said train broke and struck him on the forehead above the right eye."

The case was called for pretrial on May 28, 1958. At the pretrial plaintiff's counsel very firmly indicated that plaintiff's claim for relief was based upon a violation of the Safety Appliance Act as had been alleged in the Complaint. During the pretrial the possibility was discussed as to whether plaintiff might be able to show negligence on the part of the defendant. In response to my query on this possibility, plaintiff's counsel said:

> " * * * If the jury believes that it was a piece of a brake shoe which struck him, the plaintiff gains nothing by establishing negligence, when the court charges that is a violation of the Safety Appliance Act. All one does in those circumstances is to clutter up a record. I think the Supreme Court is right when it observes that if it be a Safety Appliance Act case then negligence has no place in this whole matter."

At the trial plaintiff's counsel opened to the jury and plaintiff's case was tried on the theory that plaintiff positively identified the object which struck him as part of a brake shoe which came from the trucks under the cars of the train some little distance ahead of the caboose.

One of the issues was as to when plaintiff first identified the object which struck him as being part of a brake shoe. Unquestionably plaintiff on re-covering consciousness after the accident was unable to state what hit him. However, some 50 days after the accident and before he had retained counsel, he told defendant's physician that the object was a piece of a brake shoe. Plaintiff has contended that his admitted inability at first to say what struck him was caused by a retrograde amnesia caused by the blow on his head. Plaintiff's neuro-psychiatric expert, Dr. Gould, explained plaintiff's retrograde amnesia as consistent with plaintiff's first statement that he did not realize or know with what object he had been hit.

Thus the case at the close of all of the evidence presented a situation where the Safety Appliance Act was applicable rather than a claim for relief based upon negligence. Plaintiff's counsel was aware, of course, that plaintiff had the burden of convincing the jury under the factual situation that it was a piece of brake shoe which struck plaintiff. Counsel for both parties were aware, of course, of the several statements made by plaintiff before the pretrial in which he positively identified the object. At the pretrial, I was not aware of prior statements of plaintiff on this point. As trial judge, I was concerned on plaintiff's behalf because he was undoubtedly injured during the course of his employment and without fault on his part, yet his story that he could identify the object as a piece of brake shoe in the nighttime under bad weather conditions seemed to me rather incredible. Nevertheless, plaintiff was certain in his testimony, under rigorous direct and cross-examination, that the object was a piece of a brake shoe.

[1] The point now is as to whether under the circumstances, the jury having found for the defendant, a new trial is warranted. Certainly it is not warranted on the issue of the violation of the Safety Appliance Act. It is believed that the jury considered carefully this phase of the case and simply did not accept plaintiff's identification of the object which struck him. A verdict for the defendant followed. Plaintiff's

counsel argues rather persuasively that plaintiff should have a new trial because of being injured while at work for the defendant. He says that plaintiff's uncertainty at first as to what struck him leads to the conclusion that the instrumentality which caused his injury might very well have been another piece of the train rather than the brake shoe. Plaintiff's counsel contends that plaintiff should have another chance before the jury. Certainly plaintiff's counsel cannot be criticized for presenting plaintiff's cause in the manner in which he did. Under the facts related by plaintiff, his case was ably tried by his lawyer, but in this type of case, a jury finding for the defendant does not necessarily mean that an injustice has been done plaintiff. Plaintiff's case depended upon his own credibility. The verdict of the jury should stand unless there was error in failing to charge in accordance with plaintiff's third request.

It is to be noticed as to the request that it embodies a precise statement of the res ipsa loquitur doctrine. Jesionowski v. Boston & M. R. R., 329 U.S. 452, 67 S.Ct. 401, 91 L.Ed. 416 is cited. In the Jesionowski case, Mr. Justice Black, 329 U.S. on page 457, 67 S.Ct. on page 404, refers to Sweeney v. Erving, 228 U. S. 233, 240, 33 S.Ct. 416, 57 L.Ed. 815, and says in part:

" * * * that they furnish circumstantial evidence of negligence *where direct evidence of it may be lacking* * * *." (Emphasis supplied)

In the instant case it is obvious, of course, that direct evidence of what caused plaintiff's injury is not lacking. The request as submitted is therefore inconsistent with all of the evidence in plaintiff's case, that is, as to the point where the request says " * * * that something which was part of the train * * * struck the plaintiff directly injuring him * * *."

 It follows that to permit plaintiff's case to be left with the jury under the res ipsa doctrine, there would have had to be some evidence that a part

of the train under the exclusive control of defendant struck plaintiff. This point is illustrated in the discussion of the res ipsa doctrine found in 65 C.J.S. Negligence § 220(8), p. 1011, where the statement is: " * * * the injury must be shown to have been caused by some act incident to defendant's control of the instrumentality * * *."

But on that precise point, plaintiff *took out of the case the very point which* he now claims as error. To disregard plaintiff's identification of the object that struck him means to engage in mere speculation as to the cause of plaintiff's injury. The result is that the very point which plaintiff now contends should have allowed him to go to the jury under the doctrine of res ipsa took him to the jury under the Safety Appliance Act. Plaintiff did not need negligence in his case to recover under all of his evidence. His road to recovery was made easier, but he had to convince the jury that he was making a correct identification of the object. Having failed in that proposition, is a new trial justified?

 As trial judge, in my opinion a new trial should not be granted. At a second trial, plaintiff could not change his testimony on the identification issue. He has identified the object on at least three occasions prior to trial, first to the defendant's physician, next in his sworn answers to interrogatories, and third in his oral deposition. At pretrial his counsel very firmly indicated that plaintiff would identify the object as a piece of the brake shoe. As trial judge, having seen the plaintiff on the witness stand and being under the strong impression that his cause was ably presented to the jury, I am satisfied that the verdict should not be disturbed.

Plaintiff's counsel makes a point of the fact that the jury during the course of its deliberation returned with an interrogatory. This matter has been considered. If the inquiry submitted by the jury has any weight at all, it is, in the opinion of the court, contrary to that asserted by plaintiff's counsel. The substance of the interrogatory was as to

whether, if the jury found defendant not negligent, it could still award damages to Mr. Masterson because he was injured while an employee of the defendant. The inquiry indicated that the jury, even though uninstructed on the point, was considering negligence and apparently had concluded that there was no negligence on the part of the defendant. It is believed that the instructions given to the jury clearly pointed to the issue which the jury had to decide. As trial judge, my impression of the jury's return to the courtroom with the inquiry was that the jury had already decided the case against plaintiff, based on the evidence and the law. The jury indicated by its inquiry that it was searching for a method to recompense plaintiff, even though it did not accept his identification of the object. On being further instructed on the point, it quickly returned with a verdict for the defendant.

The motion for a new trial will be denied.