Rosson & McGown, San Antonio, Schmidt, Garrett & Schmidt, Houston, for appellant.

Groce & Hebdon, San Antonio, Hutcheson, Taliaferro & Hutcheson, Houston, for appellee.

POPE, Justice.

This suit was brought under the Federal Employers' Liability Act. 45 U.S.C.A. § 51. Plaintiff, B. H. Glass was defendant railroad's brakeman and he was struck and seriously injured by a stone while keeping watch from the cupola of a caboose on a long freight train. The case was submitted to the jury without objections. The jury found that the defendant negligently failed to provide protection for the safety of its employees riding in the caboose, but also found that the negligence was not a proximate cause, in whole or in part, of plaintiff's injury, and further found that the act of a third person in throwing a stone through the window of the cupola was the sole proximate cause of the injury. Plaintiff, therefore, lost the case on the jury findings. Plaintiff argues that there is no evidence in support of the two adverse jury

**B. H. GLASS, Appellant,**

v.

**MISSOURI PACIFIC RAILROAD COMPANY, Appellee.**

No. 13710.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 18, 1961.

Rehearing Denied Feb. 15, 1961.

findings, and also that the findings are so against the overwhelming weight and preponderance of the evidence as to be manifestly unjust. He further argues that the causation was established as a matter of law. We overrule all points.

The head brakeman was riding in the engine of the train when the accident occurred, and he described it. As the train passed a grade crossing a few miles north of Austin, Texas, on the night of the accident, he saw an automobile drive up and stop at the crossing. The car's headlights were turned off. As the engine passed, a group of people waved at the engineer. Another witness, a conductor who was in the caboose with the plaintiff, said as they passed the crossing a shower of rocks fell upon them in the caboose. This stoning continued for about thirty or forty seconds, and he estimated that each person at the crossing must have thrown about two rocks apiece. He judged this from the way the bombardment sounded against the caboose. The caboose lights were knocked out, and when he lit his lantern he found that plaintiff had been hit on the head. Applying the correct rules to each of these two attacks upon the evidence, we uphold the verdict.

Plaintiff's other points, in effect, argue that the jury findings on proximate cause and sole proximate cause should have been answered in the affirmative as a matter of law. There is no merit to the contention, for both issues presented fact questions for the jury. Lillie v. Thompson, 332 U.S. 459, 68 S.Ct. 140, 92 L.Ed. 73; Thompson v. Gibson, Tex., 310 S.W.2d 564; Houston & T. C. R. Co. v. Maxwell, 61 Tex.Civ.App. 80, 128 S.W. 160; Johnston v. Atlantic Coast Lines, 183 S.C. 126, 190 S.E. 459; Fraser v. C. R. I. & P. Ry. Co., 101 Kan. 122, 165 P. 831, L.R.A.1917F, 749.

The judgment is affirmed.

## On Motion for Rehearing.

Our original opinion was written upon the basis of four points raised by the plaintiff on appeal. Plaintiff urged that (1) defendant railroad's negligence, as a matter of law, was a proximate cause of the injury, (2) that there was no evidence to support a negative finding with respect to defendant's negligence, and no evidence to support the affirmative finding that the act of a third person was the sole cause of the injury, (3) alternatively, that the two findings were against the great weight and preponderance of the evidence, and (4) that there was a conflict between two findings. The last mentioned point was not briefed. These were all the points saved and presented for our consideration.

We reaffirm our opinion, despite several new points asserted for the first time on motion for rehearing.