436 P.2d 159

Agnes L. HAINES, as surviving spouse and personal representative of Donald J. Haines, Deceased, Appellant,

v.

SOUTHERN PACIFIC COMPANY, Appellee.

No. 2 CA–CIV 301.

Court of Appeals of Arizona.

Jan. 17, 1968.

Rehearing Denied March 21, 1968.

Review Denied April 30, 1968.

Employers' Liability Act, 45 U.S.C. § 51 et seq., for the death of the plaintiff's decedent who was killed in the line of his duties while working for the defendant railroad. The issues of the defendant's negligence, the decedent's contributory negligence, and damages were submitted to the jury. A verdict was returned for the defendant railroad and a judgment was entered thereon. The plaintiff's motion for a new trial was denied and this appeal followed. We must view the facts in the light most favorable to support that judgment.

The plaintiff is the widow of the decedent, Donald J. Haines, who met his death on the night of November 12, 1964, when the Southern Pacific Company freight train on which he was riding and acting as conductor was derailed near Bowie, Arizona. The decedent had 36 years of employment with the railroad and was 56 years old at the time of his death.

A rail failed and derailed the last 12 cars of the 89-car train, including the caboose, in which the decedent was riding. Expert testimony was submitted by both sides pertaining to the rail failure. The issue of the defendant's negligence was submitted to the jury upon this evidence. This appeal deals only with problems related to the issue of the decedent's contributory negligence.

The evidence established that prior to the derailment the train in which the decedent was working as conductor had been proceeding in an easterly direction toward Bowie, Arizona. At the same time, a local freight train was approaching Bowie from the north on another set of tracks, not a part of the main line. The decedent overheard the radio-tele-phone conversation between the conductor and the engineer on the local train. The decedent went to his own radio-telephone and, while standing in the aisle, he entered the conversation with the conductor and the engineer on the local freight train. While the decedent was thus talking on

Miller & Pitt, by, David J. Leonard, Tucson, for appellant.

Boyle, Bilby, Thompson & Shoenhair, by Richard M. Bilby, Tucson, for appellee.

HATHAWAY, Chief Judge.

This case involved a wrongful death action brought under the Federal

the phone, Mr. Hannah, the swing brakeman, was seated at the north bay window. Mr. Upshaw, the flagman, was seated in the rear of the caboose. The conductor's chair on the north side of the caboose immediately behind the north bay window was not occupied. The radio-telephone on which the decedent was talking was located on a partition between the conductor's desk and the seat in the north bay window in which Mr. Upshaw was sitting. The conversation in which the decedent was engaged concerned a question by the local freight train as to whether the north leg of the Y at Bowie was clear. The decedent, in order to answer any questions concerning the north leg of the Y, had to look out the north side of the caboose. Since the radio-telephone had a ten-foot extension cord, the decedent could easily have seated himself at his desk in the conductor's chair and viewed the north leg of the Y from this position. However, the decedent chose to stand in the aisle for two or three minutes during the conversation and while viewing the north leg of the Y. There is no direct evidence whether the decedent was standing at the time of the derailment or whether he was securing himself by grasping the overhead grab-iron while standing in the aisle.

The decedent met his death as the result of slack action [1] caused by the derailment which tossed the decedent to the end of the caboose where he struck his head and died.

Mr. Hannah and Mr. Upshaw were both seated at the time of the derailment. Neither was thrown about nor injured in any way nor was there any damage to the interior of the caboose.

At the time of the derailment there was in effect Rule 2044 of the Safety Rules of the Southern Pacific Company passed for the protection of employees riding in moving equipment.

"At all times when riding moving equipment, employees must be prepared for sudden or unexpected starting, stopping, lurch or jerk of engine, car, or train by maintaining firm hand and foot hold, by being braced and holding, or prepared to do so instantly, moving about only when necessary for the performances of duties."

The plaintiff, in its opening brief, presents two basic issues for review:

1. Was sufficient evidence presented of the decedent's contributory negligence from which the court could properly so instruct the jury?

2. Were the trial court's instructions on contributory negligence improper statements of the law under the F.E.L.A.?

The defendant, in its appellee's brief, objects to the plaintiff's attempts to put before this court issues concerning alleged errors in the trial court's instructions on contributory negligence that were not presented to the trial court. The plaintiff contends that the trial court erroneously instructed the jury as to the method of computing damages if they found the plaintiff's decedent to have been contributorily negligent. However, the record presents the plaintiff's only objections to the instructions on contributory negligence to be as follows:

"The plaintiff objects to the defendant's requested instructions * * * for the reason and upon the grounds that the facts and evidence do not warrant an instruction on this subject. Reasonable persons under the provisions of the F.E.L.A. could not find that the decedent contributed to his own demise.

---

1. Slack action results when there is an unanticipated quick change in maximum and minimum length of a train. The length of a train is variable because of a certain amount of free movement space within each coupling. Upon a sudden stop, as a derailment, the space within each coupling is quickly exhausted and the cars bunch together. The resultant slack action is particularly severe in the last car or the caboose. Slack action can occur at all speeds.

For that reason the instructions are erroneous.

"With reference to defendant's requested instruction No. 7 there is an additional objection in that the phrase 'in any degree no matter how small,' is improper because this is not the standard by which one measures contributory negligence in an F.E.L.A. case. Although this is the standard that measures the liability of the employer, it does not measure the contributory negligence of the decedent or the employee. There is a double standard[2] for determining negligence and its proximate cause, and it is not the same as to the employer and the employee. This instruction makes it the same, and for that reason it is erroneous."

Plaintiff's counsel attempts to call this court's attention to an informal practice in which objections to proposed instructions are brought to the court's attention. Plaintiff's counsel states in its reply brief:

"At the close of the case, the court directed counsel into chambers to discuss proposed instructions and an informal discussion was had with the judge and counsel. The judge indicated his thinking on many of the proposed instructions and in a number of instances advised counsel what his ruling would be. These discussions were, for the most part, reported. However, there are a number of instances where there was discussion off the record as well as occasional levity in the colloquy of counsel and the court. * * *

"After the entire set of instructions was hashed over, the court indicated what would be given and what would be refused. He then indicated that the record could be made after the jury was instructed and had retired for the deliberations.

"The formal objections to the instructions were made with only the attorneys and the reporter present after the jury had retired to deliberate."

Plaintiff's counsel contends that he made the trial court aware of his various grounds for objection to the instructions on contributory negligence. However, we must respect the rights of the defendant to base his objection to the plaintiff's presentation of the issues on appeal upon Rule 51, which provides:

"At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after arguments are completed. *No*

2. The "double standard" question is explained in comment, Legal Cause, Proximate Cause, and Comparative Negligence in the F. E. L. A., 18 Stan.L.Rev. 929, 930 (1966), as follows:
"Consider the case where an employee, injured while operating one of the railroad's locomotives in interstate commerce, sues his employer under the FELA. Each party's conduct was culpable, so that if the 'legal cause' connection between that conduct and the employee's injury is found, each was negligent. While neither party's conduct was the 'proximate cause' of the injury, as that term is understood in the common law of negligence, each party's conduct was within the 'simple causation' standard [in Rogers v. Missouri Pac. R.R. [Co.], 352 U.S. 500, 507, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957), the Supreme Court defined the 'simple causation' standard as follows: '* * * whether negligence of the employer played any part, however small, in the injury or death which is the subject of the suit.'] that has been applied to determine a railroad's liability in FELA actions. Given this situation the railroad is liable, because its conduct was the simple cause of the injury. But is the employee to have his recovery diminished under section 3 of the FELA? The answer depends upon whether common-law proximate cause or simple causation is the legal cause test to be applied to an employee's conduct in suits under the act."
As noted later, we find it unnecessary to resolve this legal problem.

*party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.* Opportunity shall be given to make the objection out of hearing of the jury." (Emphasis supplied) Rule 51, Rules of Civil Procedure, 16 A.R.S.

■ The defendant has not stipulated to what transpired in the alleged informal hearing in the trial court's chambers. Rather, the defendant relies upon the only objections to the instructions properly before this court, i. e., those contained in the record. We do not pass upon the propriety of the alleged informal procedure presented to us by the plaintiff. As an appellate court, however, we can take cognizance only of what is preserved to us in the record.

■ Having closely examined the instructions as a whole, we find no fundamental error. Therefore, we hold that plaintiff waived her objections to the instructions on contributory negligence except those objections of record, i. e., sufficiency of the evidence of contributory negligence and double standard of care in F.E.L.A. cases.

### SUFFICIENCY OF EVIDENCE OF CONTRIBUTORY NEGLIGENCE

■ The Federal Employers' Liability Act is the method by which an injured employee of a common carrier involved in interstate commerce seeks compensation for his damages. 45 U.S.C. § 51 et seq. Unlike local workmen's compensation statutes, the F.E.L.A. does not make an employer the insurer of its employees against injuries incurred while working. Inman v. Baltimore & Ohio Railroad Co., 361 U.S.

138, 80 S.Ct. 242, 4 L.Ed.2d 198 (1959). Under the F.E.L.A. the basis for an employee's action against an employer is negligence on the part of the employer. However, the F.E.L.A. abolished all of the common law defenses which, prior thereto, had been available to the employer. Tracy v. Terminal Railroad Association of St. Louis, 170 F.2d 635 (8th Cir. 1948). The issue of contributory negligence may be considered only after it has been found that the injury complained of resulted in whole or in part from the negligence of the defendant. Terminal Railroad Association v. Howell, 165 F.2d 135 (8th Cir. 1948). Thereafter, the contributory negligence of the plaintiff, if any, is determined and considered solely for the diminution of damages. 45 U.S.C. § 53.[3]

■■ In her contention that there was insufficient evidence of contributory negligence to be submitted to the jury, the plaintiff cites several Arizona cases. The defendant, however, correctly argues that Arizona law should not be applied to this issue in an F.E.L.A. case. The United States Supreme Court has already put this issue at rest in Brady v. Southern Railway Co., 320 U.S. 476, at page 479, 64 S.Ct. 232, 234, 88 L.Ed. 239 (1943), where the court said:

"In Employers' Liability cases, this question must be determined by this Court finally. Through the supremacy clause of the Constitution, Art. VI, we are charged with assuring the act's authority in state courts. Only by a uniform federal rule as to the necessary amount of evidence may litigants under the federal act receive similar treatment in all states."

The weight of the evidence must be more than a scintilla, Brady v. Southern Rail-

3. 45 U.S.C. § 53:
   "In all actions hereafter brought against any such common carrier by railroad under or by virtue of any of the provisions of this chapter to recover damages for personal injuries to an employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee * * *."

way Co., supra, but a string of circumstances may be enough for the submission of the issue of contributory negligence to the jury. Daulton v. Southern Pacific Co., 237 F.2d 710 (9th Cir. 1956); and, Gans v. Baltimore & Ohio Railroad Co., 319 F.2d 802 (3d Cir. 1963).

In determining this issue every case must ultimately rest upon its own individual facts, Brady v. Southern Railway Co., supra; therefore, a short reappraisal of the evidence is here necessary. The decedent, while talking on the radio-telephone, could either have seated himself safely in the conductor's chair or have secured himself upon the overhead grab-iron. Either of these alternatives would have been in accordance with Safety Rule 2044. After the derailment the interior of the caboose appeared clean and intact and free of loose debris. Neither Mr. Hannah nor Mr. Upshaw, who were seated at the time of the derailment, were tossed about or injured in any way. We conclude that from viewing the evidence submitted there were sufficient facts to justify submission of the issue of contributory negligence to the jury. See Miller v. New York Central Railroad Co., 239 F.2d 10 (7th Cir. 1956), a case factually very similar to the instant case and reaching the same conclusion on the issue of contributory negligence. Cf., Mumma v. Reading Co., 247 F.Supp. 252 (E.D.Pa.1965); and, Schulz v. Pennsylvania Railroad Co., 350 U.S. 523, 76 S.Ct. 608, 100 L.Ed. 668 (1956).

## EFFECT OF JURY'S VERDICT FOR DEFENDANT ON PLAINTIFF'S DOUBLE STANDARD OBJECTION

The defendant argues that plaintiff's objections (based on the double standard argument) to the instructions on contributory negligence are necessarily of no moment because a verdict by the jury in the defendant's favor conclusively means that the railroad is guilty of no negligence. This argument is based upon the above cited 45 U.S.C. § 53, which abolished contributory negligence as a defense and states that contributory negligence may only be considered in the diminution of damages. Therefore, if the jury has been correctly instructed upon the effect of the F.E.L.A. on the defense of contributory negligence, a verdict for the defendant can only mean that it either found the defendant guilty of no negligence or that it found the plaintiff's negligence to be the sole proximate cause of the plaintiff's damages.

In the instant case the jury was correctly instructed upon the effect of contributory negligence at the plaintiff's own request.[4] The jury was also instructed, without objection, on the issue of sole proximate cause.[5] The jury was correctly instructed on the issues of negligence and contributory negligence and that under the F.E.L.A. contributory negligence only mitigates damages. Therefore, if the defendant caused none of the damage, or if the plaintiff's decedent was the sole cause of

4. Plaintiff's requested instruction No. 7 was given verbatim by the trial court: "Contributory negligence, if any, on the part of the decedent does not bar a recovery by the plaintiff against the defendant, Southern Pacific Company, but the total amount of damages to which the plaintiff otherwise would be entitled shall be reduced by you in proportion to the amount of negligence attributable to the decedent."

5. Defendant's requested instruction No. 6 was given verbatim by the trial court: "It was the continuing duty of the deceased to exercise ordinary care for his own safety.

"If he failed in such duty, he himself was negligent. If his negligence was the sole proximate cause of his injury, then he may not recover.

"If his conduct amounted to contributory negligence as to any injury suffered, and if you should find that the defendant is liable for such injury, then, in fixing the damages to be awarded plaintiff for that injury, a proportionate reduction must be made because of such contributory negligence in accordance with my instructions."

his injuries the defendant cannot be held liable. It follows that if any error in the instructions on contributory negligence, as to a single or double standard as argued by the plaintiff, existed it could only be harmless error in the light of the jury's verdict for the defendant. Tracy v. Terminal Railroad Association of St. Louis, supra; Gans v. Baltimore & Ohio Railroad Co., supra; and, Rogers v. Southern Pacific Co., 172 Cal.App.2d 493, 342 P.2d 258 (1959).

## ASSUMPTION OF RISK

The plaintiff contends that the admission in evidence of Safety Rule 2044 necessarily inserted in the case the issue of assumption of risk. She correctly states that under the F.E.L.A. the defense of assumption of risk has been totally abolished. However, where the evidence necessary to establish contributory negligence might also be used to establish assumption of risk, the defendant will not be precluded from offering such evidence.

"The defendant may not be denied its partial defense of contributory negligence merely because the same evidence would be pertinent to prove assumption of risk." Murray v. New York, New Haven & Hartford Railroad Co., 255 F.2d 42, 44 (2d Cir. 1958).

See also Gowins v. Pennsylvania Railroad Co., 299 F.2d 431 (6th Cir. 1962); and, Dilley v. Chesapeake & Ohio Railway Co., 327 F.2d 249 (6th Cir. 1964).

Safety Rule 2044 was properly admitted in evidence as circumstantial evidence of decedent's contributory negligence. Murray v. New York, New Haven & Hartford Railroad Co., supra; and, Miller v. New York Central R. Co., 239 F.2d 10 (7th Cir. 1956). The defendant neither relied upon nor argued assumption of risk and there was no instruction on it. We can find no error based on this contention.

Affirmed.

MOLLOY and KRUCKER, JJ., concur.