472 P.2d 91

**Charles Byrd HOLBERT, Appellant,**

v.

**SOUTHERN PACIFIC COMPANY, a corporation, Appellee.**

**No. 2 CA–CIV 807.**

Court of Appeals of Arizona, Division 2.

July 13, 1970.

481

Pain & Julian, by Fred J. Pain, Jr., Phoenix, for appellant.

Bilby, Thompson, Shoenhair & Warnock, P. C., by Richard M. Bilby, Tucson, for appellee.

KRUCKER, Judge.

Plaintiff, Charles B. Holbert, sued the Southern Pacific Company for personal injuries sustained while working. After a jury verdict in favor of the railroad, judgment was so entered. Plaintiff's motion for a new trial was denied. Plaintiff now appeals from the judgment and the denial of his motion for a new trial.

The sole issue raised at this appeal is whether or not there was sufficient evidence presented at trial to warrant giving an instruction which exonerated defendant if a third party was the sole cause of the injury in question. The instruction, as given by the court, states:

"If you should find that the negligence of a third person that is, scmeone other than the plaintiff and other than the defendant railroad, its agents or employees, was a proximate cause of the accident in question, then I instruct you as follows: (1) If you find that the negligence of that third person was the sole proximate cause of plaintiff's injury, then the plaintiff may not recover in the action. (2) If you find that the negligence of that third person was a proximate cause and that negligence of the defendant railroad contributed in any way or manner as a cause of the plaintiff's injury, then the defendant railroad's liability is the same as it would be if its negligence alone caused the injury."

The injury occurred in July, 1965, when plaintiff was working as a flagman in a caboose of a freight train traveling between Mesa and Tempe, Arizona. At about 4:50 in the morning, the defendant was alerted to what smelled like smoke coming from the train. This indicated a "hotbox" or journal box on fire, a potentially dangerous situation.

Following procedure, plaintiff therefore stuck his head outside the train which was traveling at 35–40 miles per hour, to discover the fire's source. While so exposed, an unidentified object struck him in the face. He suffered a severe stellate laceration to the bone on the right side of his face, from eyebrow to cheek. He and his glasses were also thrown across the floor of the caboose, just opposite the window where he was struck. The object so striking defendant was not found in the caboose nor otherwise precisely determined.

Plaintiff's theory of negligence under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., was that Southern Pacific failed to provide him with a safe place in which to work. Defendant contended that a third person threw an object at the train and that the company was therefore not responsible for the injury. They presented evidence showing that the throwing of rocks and even the shooting of guns at a caboose was common, although that night no one in particular was seen in the vicinity. Upon this evidence defendant requested and got the instruction contested by plaintiff here.

■ To begin, we point out that whether evidence in a case is insufficient under the F.E.L.A. Act, supra, is a federal question and federal cases alone decide the standard. Haines v. Southern Pacific Company, 7 Ariz.App. 65, 436 P.2d 159 (1968); Port Terminal Railroad Association v. Ross, 155 Tex. 447, 289 S.W.2d 220 (1956); Seaboard Coast Line Railroad Company v. Daugherty, 118 Ga.App. 518, 164 S.E.2d 269 (1968); Overstreet v. Atlantic Coast Line Railroad Company, Fla.App., 152 So.2d 188 (1963); Missouri Pacific Railroad Company v. Rhoden, 310. S.W.2d 607 (Tex.Civ.App. 1958).

■ Under federal cases, the burden is upon the plaintiff to show that the defendant's negligence was the proximate cause in whole or in part for the injuries. Halloran v. Chicago & N. W. Ry. Co., 327 Ill.App. 217, 63 N.E.2d 670 (1945). The jury should not be faced with decision based on guesswork and speculation. Werling v. New York, C. & St. L. R. Co., 90 Ind.App. 26, 168 N.E. 42 (1929).

■ In the instant case, no direct evidence was presented showing defendant's negligence was the cause of the injury. There was much speculation as to what struck plaintiff, a bird, a thrown rock, something from the hotbox or from the moving train. However, no object was ever found nor were any persons seen loitering near the area that early in the morning. Likewise, no direct evidence was presented showing a third person actually injured plaintiff.

Plaintiff cites two interesting cases. In Gallick v. Baltimore and Ohio Railroad Company, 372 U.S. 108, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963), the plaintiff was bitten by an insect which resulted in permanent disability. The United States Supreme Court allowed plaintiff to take his case to the jury under the F.E.L.A. even though it was never determined that the insect had or had not come from a pool on railroad land. The Ohio Court of Appeals, at 173 N.E.2d 382, had reversed the trial court believing liability based on those facts was too speculative, but the Supreme Court disagreed. And in Admiral Towing Company v. Woolen, 290 F.2d 641 (9th Cir. 1961), a 17-year-old was hired aboard a ship which subsequently disappeared while at sea. The plaintiff was allowed to go to the jury on an inference as to death. The court pointed out that under the Jones Act, there is wide latitude when the "when, where, how or why" of an accident cannot be fixed exactly.

We have also located three cases which are similar to the facts of the instant case, although as raised on appeal, not inquisitive as to the issues here. Glass v. Missouri Pacific Railroad Company, 343 S.W.2d 288 (Tex.Civ.App.1961); Missouri-Kansas-Texas Railroad Company of Texas v. Bush, 310 S.W.2d 404 (Tex.Civ.App.1958); Masterson v. New York Central Railroad Company, 169 F.Supp. 435 (W.D.Pa.1959). In each of these cases a railroad employee was struck by something thrown at him while in the caboose. In each case, however, the specific item thrown was known or there was eyewitness testimony as to the throwing by a third person.

We have perused the evidence in the instant case and believe that the railroad was entitled to an instruction on its theory of the injury. There was evidence that plaintiff was struck on the side of his face, and not by an object coming from the moving train in front of him. There was evidence that plaintiff was spun around and thrown to the middle of the caboose floor facing to the rear. And there was evidence that plaintiff's glasses were hit from the side, since they were thrown directly across from the window. We believe that the jury from these facts could infer that the missile which struck the plaintiff most likely was thrown by someone alongside the right of way and not from the train moving ahead. The instruction was therefore properly supported by the evidence.

Judgment affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.