922 F.2d 841
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James BANKS, a minor, by next friend, Annie BANKS, Plaintiff-Appellant,
v.
SOUTHERN RAILWAY COMPANY, Defendant-Appellee.
 No. 90-5177.
 United States Court of Appeals, Sixth Circuit.
 Jan. 8, 1991.
 
 Before KEITH and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 James Banks ("plaintiff"), by next friend Annie Banks, appeals the jury verdict for defendant Southern Railway Company ("defendant") in this diversity action for wrongful death. For the reasons stated below, we AFFIRM.
 
 I.
 
 2
 In this diversity action, plaintiff seeks damages for the allegedly wrongful death of his father caused by a collision between his father's motor vehicle and defendant's railroad train. Plaintiff's father's surviving spouse, Sharon Linda Dunn Banks ("Linda Banks"), in consideration of a compromise and settlement of this wrongful death claim in which she was paid $40,000, signed a written release discharging the defendant from any liability for the death of Randall Banks, the plaintiff's father. Tennessee law permits this waiver to include a waiver of plaintiff's rights. A surviving spouse "may effect a bona fide compromise ... and may execute a valid release which shall be binding upon all the children." Tenn.Code Ann. Sec. 20-5-110(b).
 
 
 3
 The settlement was negotiated in the month following Randall Banks' death. Plaintiff asserts that defendant was advised on the first settlement meeting and each subsequent meeting that Linda Banks had a mental disability, but this is in dispute. In the second settlement meeting, Kim Baker (Baker), claim agent of defendant, told Linda Banks that she felt the claim was worth $20,000 to $25,000. Linda Banks refused to accept the offer of $20,000 to $25,000 and requested $80,000. Linda Banks had consulted attorneys and had obtained their opinion on settlement values.
 
 
 4
 Over a month after Randall Banks' death, a subsequent and final meeting occurred at defendant's office at Linda Banks' request. At this settlement meeting, Baker was asked specific questions about James Banks' interest in the matter. Baker told Linda Banks that it was her understanding that Baker could take a release from the surviving spouse. Plaintiff asserts that at this meeting the defendant made certain material representations to Linda Banks in that it advised her that she was the sole heir and that plaintiff had no interest in the settlement. Defendant denies that it made these statements.
 
 
 5
 The district court bifurcated the proceedings, setting the issue of the validity of the release for jury trial first, with the other issues to be addressed if it were determined that the release was not binding. At the conclusion of all of the proof, the court directed a verdict in favor of defendant as to all issues except the mental competency of the person executing the release for plaintiff. The jury returned a verdict for defendant on the remaining issue of mental competency. Plaintiff filed a timely notice of appeal.
 
 II.
 A.
 
 6
 On appeal, plaintiff asserts three main errors. The first is that the court erred in directing the verdict as to certain issues, including assertions of duress and fraud by defendant in obtaining the release, and the subsequent failure to charge the jury on those issues. Under Tennessee law, in order to set aside a release on the ground that it was procured through fraud or duress, the party wishing to set aside the release must show fraud or duress by clear, cogent, convincing evidence. Dixon v. Manier, 545 S.W.2d 948 (Tenn.App.1976). For a claim of duress, Tennessee law requires plaintiff to prove that the accused party engaged in unlawful restraint, intimidation, or compulsion. Federal Deposit Insurance Corp. v. Ramsey, 612 F.Supp. 326, 328 (E.D.Tenn.1985). Plaintiff failed to meet this burden. The plaintiff's evidence was directed at the issue of competence of the widow when she signed the release. Plaintiff's evidence failed to create an issue for the jury concerning whether any conduct on the part of the defendant worked upon her understanding or her will power so as to deprive her of the capacity to enter into the settlement voluntarily.
 
 
 7
 Similarly, with regard to the claim of fraud, plaintiff's evidence failed to create a jury issue as to whether defendant made a false representation of a material fact, either knowingly, that is without belief in its truth, or recklessly, that is without regard to whether it was true or false. Plaintiff relies on an assertion that defendant told Linda Banks, who waived plaintiff's rights, that under the law of Tennessee, the wife of the plaintiff's deceased father (Linda Banks) was the sole heir. No proof was submitted as to the knowing or reckless element of misrepresentation and thus the jury could not have found that misrepresentation invalidated the waiver.
 
 
 8
 Since the court properly granted a directed verdict on the duress and fraud issues, there was no need to instruct the jury on these issues. Therefore, there can be no deficiency in the jury instructions as to these issues.
 
 B.
 
 9
 Plaintiff's second major issue on appeal is his assertion that he is entitled to a new trial because the jury did not have during its deliberations two exhibits introduced via Dr. William Wood's deposition. The plaintiff has not shown how, assuming that the jury did not have the two exhibits in the jury room, he was prejudiced, since the jury did hear the deposition testimony of Dr. Wood. Furthermore, the plaintiff's counsel has not explained why he did not bring this asserted oversight to the trial court's attention at the end of the trial. Failure to timely assert this error constituted a waiver. In Miller v. New York Central R.R., 239 F.2d 10 (7th Cir.1956), the court held that where the record did not disclose any request by plaintiff that the jury have such exhibits nor a denial of such a request by the trial judge, the plaintiff had erred in not raising the issue but the judge had committed no legal error. Id. at 14.
 
 C.
 
 10
 In the last major issue raised on appeal, plaintiff alleges it was reversible error for the court to have severed the release issue from the underlying liability issue and to have it tried first. Under Fed.R.Civ.P. 42(b), the trial court has the authority and discretion to order the separation of issues for separate trials. See Moss v. Associated Transp., Inc., 344 F.2d 23, 25 (6th Cir 1965). Separation may be appropriate between the validity of a release and the underlying liability. Bowie v. Sorrell, 209 F.2d 49, 51 (4th Cir.1953). Plaintiff asserts he was prejudiced by the separation because he asserts the separation altered the burden of proof. Plaintiff's burden resulted from defendant having met its preliminary burden by stipulation, not from a shift created by bifurcation of the trial. The parties had already stipulated as to the signing and the contents of the purported release. Therefore, the defendant did not have to prove the existence of this signed release. The parties had also stipulated that the person who signed the release was Linda Banks, plaintiff's father's surviving widow. This placed the initial burden on plaintiff to establish the invalidity of the release.
 
 
 11
 The other issues listed by plaintiff as issues raised on appeal were not argued in his brief. At oral argument plaintiff explicitly abandoned those issues on appeal. We, therefore, decline to reach them.
 
 III.
 
 12
 For the reasons stated above, we AFFIRM the November 27, 1988 and January 11, 1990, verdict and the decisions of the Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee.