**Thomas A. KING, Plaintiff–Appellant,**

v.

**WAL–MART STORES, INC., Defendant–Appellee.**

No. 99–C–218.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 23, 2002.

Decided Nov. 6, 2002.

Before DIANE P. WOOD, EVANS, and WILLIAMS, Circuit Judges.

## ORDER

Thomas King sued Wal–Mart for negligence after allegedly falling and injuring his back in the stuffed animal aisle of a Wal–Mart. A jury found for Wal–Mart and King now appeals, alleging that the district court incorrectly instructed the jury on the appropriate standard of liability and that Wal–Mart violated a pre-trial order to not mention specific documents at trial. Because we find that King waived both his right to challenge the jury instructions and Wal–Mart's use of documents described in the pre-trial order, we dismiss his appeal for lack of jurisdiction.

King claimed that he was shopping with his wife and daughters in the Glen–Carbon, Illinois Wal–Mart when he fell in the stuffed toy aisle, injuring his back. He sued Wal–Mart, alleging the store's employees neglected to clean the stuffed animal aisle where he slipped and fell. Wal–Mart contends that at best, King slipped because he lost feeling or balance in one of his legs as a result of a chronic back condition so serious that it required three operations before his alleged accident.

The district court granted King's motion in limine to prevent Wal–Mart from mentioning at trial that King was deemed disabled for purposes of receiving Social Security benefits. While cross-examining King, Wal–Mart showed him parts of his application for Social Security disability benefits and asked him about several entries made on the application. Wal–Mart did not identify the document as a Social Security disability application, and no objection was made to any of these questions. At the close of evidence, King objected to a jury instruction that incorporated the "premise liability" standard, but did not suggest an alternative. The jury found for Wal–Mart and King moved for a new trial, which the district court denied.

We review jury instructions for an abuse of discretion. *Spiller v. Brady*, 169 F.3d 1064, 1066 (7th Cir.1999). During the jury instruction conference, King objected to Wal–Mart's request for Wal–Mart's proposed jury instruction imposing liability based on the premises liability standard, saying "it's not really a condition of the store that is at issue, but, rather, it's the negligence of the store employees in stocking the shelves and in failing to pick things up off the floor, which . . . is a different situation." Federal Rule of Civil Procedure 51 says that "[n]o party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, *stating distinctly the matter objected to and the grounds of the objection.*" (emphasis added). This Court has held that if a party does not tender a proposed instruction or specifically object to a failure to give an instruction, that party has waived the issue for purposes of appeal. *Schroeder v. C.F. Braun & Co.*, 502 F.2d 235, 243 (7th Cir.1974); *see also Miller v. New York Cent. R.R. Co.*, 239 F.2d 10, 13 (7th Cir.1956) (a party wishing for alternate instruction did not have issue on appeal if it did not either raise the alternate instruction or provide distinct grounds for objection to the instruction given).

While King could rightly claim for purposes of his appeal that he properly preserved his objection to the jury instruction defining the premises liability standard, he asserts that it was the district court's failure to give a negligence instruction which was erroneous. But he did not ask that such an instruction be given, so he cannot raise that issue for the first time on appeal. *See United States Fidelity and Guar. Co. v. Plovidba*, 683 F.2d 1022, 1027 (7th Cir.1982). King argues that it should have been obvious from his objection to the premises liability instruction that he was arguing for a negligence instruction, but the district court cannot be expected to read King's mind as to *which* jury instruc-

tion should have been given where a multitude of pattern jury instructions and customization options were available. *See* 9A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2552 (2d ed.1994).

We remind King that he included a negligence jury instruction, Illinois Pattern Instruction (IPI) 10.04, in his first list of proposed instructions, but chose to withdraw it, along with several other proposed instructions, before the jury instruction conference. At the conference, the district court specifically referenced the withdrawn proposed instructions, including IPI 10.04, and asked King if he still wished to withdraw them. He repeated his desire to withdraw them, and having affirmatively waived their use, cannot now claim that it was error for the court to fail to give those instructions.

Likewise, King waived his right to challenge Wal–Mart's use of statements from King's application for Social Security disability benefits. In a pre-trial order, the district court ruled that "the fact that Thomas King has been deemed totally disabled for purposes of receiving Social Security Benefits and that benefits have been received by King and his family is inadmissible." At trial, Wal–Mart showed King a copy of his Social Security application during cross-examination. Without identifying the document, Wal–Mart asked King about the date and his responses to the form's questions which detailed the extent of his disability, including the physical restrictions he claimed to have. This was done in conformity with the pre-trial order's proviso, which allowed use of portions of the Social Security disability benefits application as prior inconsistent statements. King's attorney did not object to these questions during cross-examination, and there was no objection to references made by Wal–Mart to King's cross-examination during closing arguments.

 To preserve an alleged error for appeal, Federal Rule of Evidence 103(a)(1) requires "a timely objection or motion to strike . . . stating the specific ground of the objection, if the specific ground was not apparent from the context." When a party fails to timely and properly object at trial to the admission of evidence, the party is deemed to have waived the issue on appeal. *See Jones v. Lincoln Elec. Co.,* 188 F.3d 709, 727 (7th Cir.1999); *United States v. Krankel,* 164 F.3d 1046, 1052 (7th Cir.1998); *United States v. Wynn,* 845 F.2d 1439, 1442 (7th Cir.1988). By not objecting to Wal–Mart's use of King's application for Social Security disability benefits, King has waived his right to appeal, and we cannot hear his claim.

For the foregoing reasons, we DISMISS King's appeal.