J. N. Manker for use of T. A. Ruyle, Appellant, v. Leslie Manker, Appellee.

Gen. No. 8,141.

Opinion filed January 25, 1928.

WILLIAM and BARRY MUMFORD, for appellant.

WILLIAMS & WILLIAMS, for appellee.

MR. JUSTICE ELDRIDGE delivered the opinion of the court.

On September 16, 1926, T. A. Ruyle, for whose use this suit is brought, recovered a judgment by confession against Charles O. Dunham and J. N. Manker, in the circuit court of Pike county, for the sum of $527.20. An execution was issued and a return thereon shows that $81 had been collected thereon from the debtor Dunham, and no property found as to the debtor J. N. Manker. On October 19, 1926, Ruyle filed his affidavit for a garnishment summons against Leslie Manker, appellee, which was served on October 20. In the answer of appellee, as garnishee, it is set out that he was the son of said J. N. Manker, the original debtor and nominal plaintiff in this suit; that on the date of the service of the garnishment summons he was indebted to his father, J. N. Manker, for money borrowed, in the amount of $250, and that it was evidenced by a promissory note, executed by himself and payable to his father, dated October 21, 1925, due one year from date, with interest at 7 per cent; that prior to October 19, 1926, the payee had gone to the State of California, taking the note with him, and the note was then in the State of California. The trial was had before the court, without a jury, and a judgment rendered in favor of appellee. Where an indebtedness is evidenced by a negotiable promissory note and the situs of the note is in a foreign State, and without the jurisdiction of the court, the general rule is that the maker of the note is not subject to garnishment by a judgment creditor of the payee in the note. The rea-

son for the rule is that in such cases the garnishee may have originally owed the debt evidenced by the note to the payee or original holder of the note, yet he cannot truthfully say that at the time of the service of the garnishment summons he still owed the debt to the payee in the note because the note may have been negotiated and the debt transferred to another person. Thus it was held in the case of *Bowen v. Pope,* 125 Ill. 28, that a party cannot be charged as garnishee in respect to promissory notes or other evidences of indebtedness executed by third persons and belonging to the defendant in the attachment, which, at the time of the service of the garnishment process, and during the pendency of the suit, are in another State. In Waples on Attachment and Garnishment, page 207, the rule is stated thus: "The maker of a negotiable note owes somebody, but not necessarily the payee named therein. And in a suit against the payee, he cannot ordinarily be subjected to garnishment. How can he answer that he owes the payee, when the note may have passed into other hands? He usually does not know. His obligation is to pay the holder at maturity. Even if he does know and does answer that the note is still in the hands of the original payee, which it is not yet due, no judgment can be rendered against him as granishee, for the reason that the holder may pass it off afterwards, and the obligation would be to the transferee; and therefore, should judgment be rendered against him upon his answer, he might be subjected to the injustice of having to pay twice."

The evidence for appellee tended to prove that about three weeks after he had been served with summons his father released and canceled the note and the mortgage securing it and surrendered it to appellee. "If the holder of a note voluntarily, although gratuitously, and without consideration cancels and surrenders it to the maker, this discharges the maker, unless there is fraud or mistake." 3 R. C. L. sec. 498. There was

no evidence of any fraud or mistake and consequently the surrender and cancellation of the evidence of the indebtedness must be held to have cancelled the indebtedness itself.

The judgment of the circuit court is affirmed.

*Affirmed.*