[Civil No. 3830.   Filed June 29, 1937.]

[69 Pac. (2d) 800.]

A. M. GOLD, Appellant, v. HELEN GOLD KILLEEN and ROSA GOLD, Executrices of the Estate of MARTIN GOLD, Deceased, Appellees.

Mr. B. E. Marks, for Appellant.

Mr. Thomas W. Nealon, for Appellees.

LOCKWOOD, J.—A. M. Gold, hereinafter called plaintiff, brought suit against Helen Gold Killeen and Rosa Gold, as executrices of the estate of Martin Gold, deceased, hereinafter called defendants, on a claim for services alleged to have been rendered by plaintiff for decedent during a term of twelve years, on an agreement with the latter that they would be paid for upon decedent's death. Martin Gold, the decedent, passed away in July, 1931, and while his estate was in the course of probate in Maricopa county, Arizona, plaintiff filed a claim with the defendants for payment in accordance with the terms of the alleged agreement. The claim was rejected, and the present action filed in April, 1936. A general demurrer to the complaint was filed and sustained, and judgment entered in favor of defendants, and from such judgment an appeal was taken to this court. We reversed the judgment in the case of *Gold* v. *Killeen,* 44 Ariz. 29, 33 Pac. (2d) 595, 94 A. L. R. 448, holding that a complaint which set up an alleged agreement to pay for services, but not disclosing whether it was oral or in writing, was not subject to a general demurrer, and that a promise of

the nature pleaded, since it was to take effect at the death of the promisor, did not fall within that provision of the statute of frauds in regard to contracts which would not be performed within the year, as such death might occur within the year. There were other matters settled by the opinion which we need not refer to, as they are not involved in the present appeal.

On May 17, 1935, after the case had been remanded to the superior court for a new trial, defendants filed a second amended special demurrer and answer. The point raised by this demurrer was that the claim attached to the complaint was not a proper claim for presentation to defendants, in that it did not comply with the terms of section 3988, Revised Code of 1928, which reads as follows:

*"Allowed claim to be filed by clerk; vouchers.* Every claim allowed by the executor or administrator, and approved by the judge shall within thirty days thereafter, be filed in the court as an acknowledged debt of the estate, to be paid in due course of administration. If the claim is founded on an instrument in writing, a copy of such instrument must accompany the claim, and the original instrument must be exhibited if demanded; if the instrument is lost or destroyed, the claimant must accompany his claim by his affidavit, containing a copy or particular description of such instrument, and stating its loss or destruction; if the claim or any part thereof is secured by a mortgage or other lien, which has been recorded, it is sufficient to describe the mortgage or lien, and refer to the date, volume and page of its record. If the claimant has left any original instrument with the executor or administrator, or filed the same in court, he may withdraw the same when a copy thereof is attached to his claim. A description of every claim filed shall be entered by the clerk in the register, showing the name of the claimant, the amount and character of the claim, rate of interest and date of allowance.''

The particular point relied on was a failure to comply with the express provisions of the section in regard to claims based upon written contracts. The same point was raised by the answer. The demurrer was duly presented to the court and by it overruled, and the case was set for trial with a jury. Meantime a reply to the second amended answer was filed, which alleged, in substance, that the defendants had waived the provisions of section 3988, *supra,* for certain reasons not necessary to state herein, and also denying generally the allegations of the answer. Defendants moved to strike that portion of the reply which set up a waiver, and the matter was heard by the court and the motion granted. Thereupon the jury was waived by the parties, and the case went to trial before the court, and a judgment in favor of defendants was rendered, whereupon this appeal was taken from the judgment and the motion denying a new trial.

There are five assignments of error, which read as follows:

"I. The trial court erred in granting the motion striking the pleading filed by the plaintiff on March 7, 1936, being his reply to the defendants' Second Amended Answer.

"II. The trial court erred in sustaining an objection to the admission of the claim of plaintiff which had been presented to the executrices of the estate of Martin Gold, deceased.

"III. The trial court erred in refusing to admit plaintiff to make proof of the allegations of the complaint.

"IV. The trial court erred in rendering judgment for the defendants and against the plaintiff, and decreeing that the complaint be dismissed with prejudice.

"V. The trial court erred in denying the motion of plaintiff for a new trial, which motion was based on the foregoing assigned errors."

Defendants object thereto on the ground that they do not comply with rule 12 of this court, and, therefore, raise no questions for our consideration. It is clear that assignments IV and V do not comply with the rule, but are general in their nature and, therefore, cannot be considered. *Miller* v. *Kearnes,* 45 Ariz. 548, 46 Pac. (2d) 638; *Thornburg* v. *Frye,* 44 Ariz. 282, 36 Pac. (2d) 548.

It is doubtful whether assignments II and III are sufficient; but we will assume, for the purposes of this case, that if the record sustains them, we may review the questions attempted to be raised thereby. We will, therefore, consider assignments I, II, and III in their order.

The first is that the court erred in granting the motion striking certain parts of plaintiff's reply to the second amended answer. It is urged in support of this assignment that on the previous appeal we held that the complaint stated a cause of action and that, such being the case, defendants may not again raise on this appeal points which were, or which could have been, decided on the first appeal. We think the general rule is correctly stated, but we do not see its application to the situation as shown by the record in the present case. Our holding on the previous appeal was that the complaint was sufficient as against a general demurrer. The trial court, when the case was remanded and defendants filed their special demurrer, properly overruled it, presumbly under the rule above set forth. The question, however, as to the sufficiency of the claim, under section 3988, *supra,* was not, and could not be, determined on the first appeal. If the contract were an oral one, it was, of course, unnecessary to comply with the provisions of section 3988, *supra,* in regard to written contracts. If it were a written one, such compliance would presumably be necessary. The court would, therefore,

doubtless have overruled the second special demurrer, even had we not previously determined that the complaint was good as against a demurrer on the ground that the complaint did not show whether the contract declared on was oral or written. This, however, did not prevent defendants from raising the same question by an answer which was, indeed, the only way in which it could properly be raised, since the complaint did not show whether the alleged contract was oral or written. The plaintiff thereafter replied to these allegations of the second amended answer. Had he alleged in his reply that his contract was an oral one, and therefore, he did not need to follow the provisions of the section above referred to, it would have been a proper reply. For some reason, however, he did not do this, but set up (a) an allegation that the defendants had waived the requirements of section 3988, *supra,* and (b) a general denial to the allegations of the answer. The motion to strike was directed only to that portion of the reply which pleaded a waiver. The question of the necessity of claims being prepared and presented in the manner required by statute has been before the courts many times, and it has practically invariably been held that such statutes are mandatory and must be complied with. Many different variances from the form of claim and the method of presentation required by the statute have been considered, and among them the specific omission relied on in the answer. In the case of *Bank of Sonoma County* v. *Charles,* 86 Cal. 322, 24 Pac. 1019, the court considered a provision of the California code similar to ours, and held that a failure to comply therewith made the attempted presentation void. The same principle was applied in Montana in the case of *State ex rel. Paramount etc. Corp.* v. *District Court,* 90 Mont. 281, 1 Pac. (2d) 335. The question of whether an executor or administrator may waive the requirements of the statute in regard

to the presentation of claims has also been before the courts. In the case of *Empson* v. *Fortune,* 102 Wash. 16, 172 Pac. 873, 875, the court said:

"It is argued by counsel for Empson: First, that it is not such an obligation as is required to be supported by oath upon presentation to an executor or administrator; and, second, that these executors waived formal presentation thereof by writing Wood and Empson a note rejecting a claim but not designating this one. These contentions are both effectually answered by our holding in *Barto* v. *Stewart,* 21 Wash. 605, 59 Pac. 480, [and other cases cited.] By these decisions it has become the settled law of this state that the proper presentation of a claim is a fact to be proven essential to the cause of action, and that an executor or administrator cannot, because of the mandatory provisions of our claim statute, waive such presentation so as to estop himself from defending upon the ground of want of such proper presentation."

And this rule has been followed repeatedly. We know of no cases to the contrary. Executors and administrators act in a representative capacity and their authority is limited strictly by the terms of the statutes. They certainly should not be permitted to waive the rights of their estates unless the statute permits it, or at least unless such waiver is approved by the trial court, and, indeed, some cases go so far as to say that even the court has no jurisdiction to waive rights of this nature. *State ex rel. Paramount etc. Corp.* v. *District Court, supra.* We think, therefore, that the reply, in so far as it attempted to set up a waiver of the provisions of section 3988, *supra,* was properly stricken by the trial court, for it raised no meritorious defense to the allegations of the answer. The only defense which could have been raised thereto, to wit, that the contract was oral and, therefore, the claim did not need to comply with the provisions of the statute referred to, does not appear in the reply.

We consider next the assignments of error that the court erred in sustaining an objection to the admission in evidence of the claim filed by plaintiff, and in refusing to permit plaintiff to prove the allegations of his complaint. The appellant did not see fit to bring up the reporter's transcript, and we, therefore, know nothing of the proceedings at the trial, except as shown by the minutes and the judgment signed and filed by the court. These minutes read as follows:

"Upon stipulation of counsel, the jury in this cause is waived. Plaintiff introduces the following evidence:

"Plaintiff's exhibit 'A' is marked for identification. Defendants move for judgment against the plaintiff and in favor of the representatives of the decedent's estate.

"It is hereby ordered granting said motion.

"It is ordered that upon the presentation of a formal written judgment by defendant its approval and signing by the judge and filing thereof with the clerk of the court, judgment will be rendered in favor of the defendants and against the plaintiff."

And the judgment contains the following language:

" . . . and both parties in open court waiving trial by jury, and the plaintiff having offered evidence in support of the complaint and, whereupon the plaintiff rested, and whereupon the defendants move for judgment in favor of the defendants and against the plaintiff; and the court being fully advised in the premises;

"It is ordered, adjudged and decreed and the court does order, adjudge and decree that the plaintiff take nothing by his action and that the same be dismissed with prejudice, and that the defendants recover their costs herein sustained."

It will be seen that there is nothing in this which shows affirmatively that the trial court sustained any objection to the admission of the claim of plaintiff which had been presented to defendants, but rather

that it was admitted. Neither does it appear from the record that there was any refusal of the court to permit the plaintiff to prove any and all of the allegations of his complaint, but rather that he did offer evidence in support of the complaint, and rested, whereupon a motion for judgment was made by defendants and granted by the court.

We have repeatedly held that we may consider on appeal only matters which appear in the record before us, and that unless there is something therein which shows affirmatively that the judgment was erroneous, we must presume every fact necessary to sustain it existed and that it is correct. *Cubbison* v. *Cubbison,* 45 Ariz. 14, 40 Pac. (2d) 86; *Petersen* v. *McEvoy,* 45 Ariz. 102, 39 Pac. (2d) 942; *Puterbaugh* v. *Gila County,* 45 Ariz. 557, 46 Pac. (2d) 1064.

No error appearing in the record, the judgment of the superior court is affirmed.

McALISTER, C. J., and ROSS, J., concur.