The **BIG LAKE STATE BANK**, Plaintiff,

v.

**ESTATE** of Anderson Brown **MORRIS**, Deceased,

The Oklahoma State Bank of Ada, Oklahoma and Don Renault, Defendants.

**Civ. A. No. 844.**

United States District Court
N. D. Texas,
San Angelo Division.
Dec. 22, 1961.

Bill Snow, Big Lake, Tex., for plaintiff.

Austin R. Deaton, Jr., Ada, Okl., Jack Bundrant, Big Lake, Tex., Thomas R. Scott, Associate Law Office of Maurice R. Bullock, Fort Stockton, Tex., for defendants.

FISHER, District Judge.

This cause of action is before the Court on Motions for Summary Judgment in behalf of the Oklahoma State Bank of Ada, Oklahoma and Don Renault of Big Lake, Texas and on a Motion for Order sustaining the interpleader complaint brought by the Big Lake State Bank of Big Lake, Texas.

The facts of this lesson in legal maneuver are uncontested. Their rapid-fire sequence, with dates, is here set forth as briefly as possible. In November of 1960, Mr. Don Renault entered into a contract of sale with Mr. Anderson Brown Morris wherein Morris agreed to purchase radio station KBLT in Big Lake, Texas, for $5,000.00 cash and other consideration. The cash was payable the first of the month following F.C.C. approval of the transfer. The F.C.C. approved the transfer on January 11, 1961 and on February 1, 1961, Morris assumed control of the station. On February 6, 1961, Morris deposited in the Big Lake State Bank $5,000.00 and on February 7, 1961, a check given by Morris in the amount of $75.00 was charged to the account. Mr. Morris died on February 8, 1961 without paying Mr. Renault the $5,000.00 consideration.

After some negotiations failed, Renault sued the Estate of Anderson Brown Morris in Cause #1568 in the District Court of Reagan County, Texas. On February 15, 1961, Mrs. Mary Morris was appointed Special Administratrix of Morris' Estate by the County Court of Pontotoc County, Oklahoma. Mr. Austin Deaton, Attorney for the Estate, presented Letters Testamentary to the Big Lake State Bank and obtained Bank Money Order #4752 for $4,925.00 payable to Mrs. Mary Morris, Special Administratrix on February 16, 1961.

On February 19, 1961, Renault received a Temporary Restraining Order ancillary to Cause #1568, enjoining Big Lake Bank from paying the money order pending a hearing on a temporary injunction and such Temporary Restraining Order was served on the Big Lake Bank on February 20, 1961.

On February 21, 1961, Mrs. Mary Morris endorsed the money order and delivered it for consideration to the Oklahoma State Bank of Ada, Oklahoma. The Oklahoma State Bank presented it for payment on the 24th of February, 1961 and payment was refused the same day because of the injunction. Prior to the time set for a hearing on the Temporary Injunction, Don Renault posted bond and in Cause #1568 procured a Writ of Attachment on Morris' property, and on the same day, February 28, 1961, the Sheriff made a return showing the $4,925.00 bank account of Morris' attached under the Writ of Attachment.

On March 17, 1961, the Big Lake Bank deposited the $4,925.00 in the registry of the State District Court and brought a bill of interpleader against Don Renault, The Estate of Anderson Brown Morris, and The Oklahoma State Bank. This case was removed to become the present action and an order has been filed removing the $4,925.00 to the registry of the United States District Court for the Northern District of Texas, San Angelo Division.

Subsequent to the above date, Oklahoma State Bank filed suit on the cashier's check in Cause #1572 against the Big Lake Bank in the District Court of Reagan County, Texas.

On June 9, 1961, a judgment by default was entered in Cause #1568, Don Renault vs. Estate of Anderson Brown Morris, foreclosing the Writ of Attachment in favor of the plaintiff, Don Renault.

The Big Lake Bank has moved the court for an order sustaining the interpleader complaint, discharging the plaintiff, directing the parties to plead, enjoin-

ing the prosecution of suits, and asks for attorney fees and expenses.

■ The motion for order sustaining the interpleader complaint of the Big Lake Bank is granted. All the requirements of 28 U.S.C. § 1335 have been met and the plaintiff is entitled to bring this action. Since the Plaintiff has deposited the amount of $4,025.00 in the registry of the District Court, and should not be liable for more, the Plaintiff is hereby discharged without further liability.

Since the Plaintiff could possibly be subjected to further proceedings regarding this fund, the Court finds it imperative to permanently enjoin the parties to this action from further prosecution or institution of any proceeding in any State court affecting the subject fund or deposit and the Bank Money Order #4752 issued by the Big Lake Bank.

■ The Court further finds that the Big Lake Bank is entitled to attorneys fees and that Five Hundred Dollars is a reasonable amount, said attorneys fee to be charged as cost of court.

On the motions for summary judgment, it appears that a holder in due course has a greater right to the fund than one in the position of Defendant Don Renault. There is no controversy over the Bank Money Order #4752 being a negotiable instrument and the only questions raised by Don Renault are that the Oklahoma Bank took the instrument after maturity and without consideration, therefore, contending that it cannot be a holder in due course.

■ Where an instrument payable on demand is negotiated an unreasonable length of time after its issue, the holder is not deemed a holder in due course. Vernon's Ann.Civ.St.Tex. Article 5935, Section 53. In determining what is a "reasonable time" or "an unreasonable time", regard is to be had to the nature of the instrument, the usage of the trade or business (if any) with respect to such instruments and the facts of the particular case. V.A.C.S. Article 5948, Section 193. Big Lake Bank's Money Order #4752 was issued in Big Lake, Texas on February 16, 1961 and with an intervening weekend, was negotiated in Ada, Oklahoma on the 21st of February, 1961. Under these circumstances, the money order was negotiated well within a reasonable time. The claim that the instrument was negotiated without consideration is disposed of by the affidavit of C. C. Collier, Vice-President of the Oklahoma State Bank.

■ From a study of the Texas cases, it appears that a holder in due course holds a priority over a garnisher and other claimants. No cases are cited and none are found involving conflicting claims of an attacher or garnisher and a holder in due course to a fund set aside by a bank for the payment of a Bank money order or a cashier's check. The cases do, however, indicate by an alternative that a holder in due course in our situation would occupy a superior position.

In Preston v. First State Bank of Amarillo, Tex.Civ.App., 344 S.W.2d 724, the court held that one not a holder in due course could not prevail against the payee of a cashier's check where the payee had stopped payment. After concluding that there was no substantial difference in cashier's checks and an ordinary check relative to the right to stop payment, the court said,

"As a general rule a drawer of a check can revoke it or stop payment at any time before the bank's certification, acceptance or payment of the check unless it has come into the possession of a bona fide holder for value. * * *

"In order to recover here, Preston must show himself to be a holder in due course."

In Baber v. Galbraith, Tex.Civ.App., 186 S.W. 345, a bank brought a bill of interpleader because of conflicting claims to a fund. One claim was represented by a cashier's check and the other was a lawsuit by a married woman to recover her ½ interest in land. The court awarded the fund deposited in the registry of the court to the woman and the bank ap-

pealed complaining that it was not protected against a double payment. Prior to the trial of the case, the cashier's check had been presented and payment was refused because of an injunction against the bank arising out of the lawsuit. At the time of presentment of the check, the bank had written on the face of the check the words, "payment stopped by injunction." The court's language on the possibilities of a double payment by the bank having to pay the check if later presented read,

> "We think that with the notice thus given by the language on the face of the check it would hardly be possible for anyone who might hereafter purchase the same to contend in good faith that he was an innocent purchaser. It seems to us that this affords the bank adequate protection against a double payment."

The above two cases do not involve the same question as the case at bar, however, both recognize that had the cashier's checks passed into the hands of a holder in due course without notice, then such a holder would have superior rights.

It also seems to be the law in Texas that an indebtedness on a note is not subject to garnishment if the note is negotiable. In Davis v. First National Bank of Harlingen, Tex.Civ.App., 135 S.W.2d 259, the court held that a purchaser of a promissory note for value without notice of a prior garnishment was entitled to recover against the maker in a suit on the note as against the garnisher. In Neal v. Kurz, Tex.Civ.App., 26 S.W.2d 478, the court said,

> "An indebtedness upon a promissory note is subject to garnishment unless the note is negotiable. 28 C. J. 153, § 192. If the plaintiff in error had answered that the notes were negotiable it would have been error to render judgment against him without pleading and proof, by defendant in error, of facts showing that the debt was subject to garnishment, notwithstanding the negotiable character of the notes. * * "

These cases indicate that a holder in due course has superior rights to a garnisher, attacher, or enjoiner if such rights are preserved. The money order here was negotiated for value on the 21st of February with the Oklahoma State Bank becoming clothed with all the rights of a holder in due course at that time. Clearly the rights of the Oklahoma Bank became fixed before the Writ of Attachment on February 28, 1961. At the time of presentment, the only obstacle to payment was the injunction issued out of the District Court of Reagan County in Cause #1568. It becomes unnecessary to decide the validity of the injunction since the Court has ruled in favor of the holder in due course, however, since Big Lake State Bank was not a party to the suit in Cause #1568, the injunction was ineffective.

The Motion for Summary Judgment of Don Renault is denied and judgment for Oklahoma State Bank shall be entered accordingly with all costs of this action assessed against the Estate of Anderson Brown Morris.