500 P.2d 1139

Mary WEST, Appellant,

v.

Joy BAKER, as Guardian of the Estate of Jeffery Martin Baker, a minor, and Leslie and Joy Baker, husband and wife, Appellees.

No. 2 CA–CIV 1133.

Court of Appeals of Arizona, Division 2.

Sept. 19, 1972.

Rehearing Denied Oct. 31, 1972.

Review Granted Dec. 5, 1972.

Johnson, Hayes, Morales & Stompoly by J. Mercer Johnson, and Nolen L. McLean, Tucson, for appellant.

Bilby, Thompson, Shoenhair & Warnock, P. C., by Marvin S. Cohen, Tucson, for appellees.

HATHAWAY, Judge.

This appeal arises from a judgment entered in garnishment proceedings instituted by appellees. The thrust of this appeal is directed to the lower court's jurisdiction.

A brief summary is as follows. Appellant, a Texas resident, purchased a parcel of real property located in Texas from Aritex Land Company, Inc., an Arizona corporation. In connection with this 1967 transaction, appellant executed appropriate documents including a promissory note in the principal amount of $747,254.06, pay-

able in annual installments of $50,000 or more plus interest at six percent until March 1, 1977, when the entire unpaid balance was due. In 1968, Aritex conveyed the note to a Texas bank as collateral security for a loan to Aritex. The endorsement of the note recited that the assignment thereof was limited to the first $370,000 of principal and interest paid. Notice of this assignment was given to and accepted by appellant who was directed to make the payment on her note for 1969, 1970, 1971, 1972 and 1973 to the bank.

Aritex subsequently conveyed its remaining interest in the note to Chaparral Cattle Co., a Texas corporation. This latter conveyance was attacked by appellees as a fraudulent conveyance and in 1969, they obtained a judgment in Pima County Superior Court declaring the conveyance from Aritex to Chaparral to be fraudulent and void as to them.

In March, 1970, appellant commenced an action in Hudspeth County, Texas, against Aritex to reform her vendor's lien and deed of trust, quiet title to her real estate, and secure credits on her promissory note. Appellees intervened in that action which was subsequently transferred to El Paso County.

On September 26, 1970, a writ of garnishment was served on appellant in Pima County wherein appellees claimed an indebtedness against Aritex in the sum of $100,000 plus interest. The garnishee responded that she was not indebted to the defendants. Appellees filed a controverting affidavit and tender of issue to which garnishee responded.

On July 7, 1971, judgment was entered in favor of the appellees against appellant in the amount of $106,849.66 with interest at six percent from February 8, 1971, until paid. The court ordered this amount to be paid as follows: $17,135.24 immediately,[1] and the amounts as they would become due pursuant to the promissory note executed by appellant in 1967 which would exceed the amount then due the bank until satisfaction of the garnishment judgment would be accomplished. The court further ordered all payments to be credited on appellees' judgment against Aritex and its president, that such payments would also constitute credit on appellant's note to Aritex, and that Aritex and appellant deliver a copy of the garnishment judgment to the Bank of El Paso with instructions to attach the copy to the aforesaid promissory note.

■■ Both in the trial court and on appeal, appellant made numerous references to the Texas lawsuit, her position being that the subject matter of the garnishment be adjudicated in Texas. Appellees have presented to this court as an appendage to their brief an authenticated copy of a disclaimer filed by appellant in the Texas action on January 27, 1972. Although this disclaimer is not part of the record on appeal, it is not inappropriate for an appellate court to consider such extrinsic evidence as to matters which have occurred since the filing of the appeal. Day v. Wiswall's Estate, 93 Ariz. 400, 381 P.2d 217 (1963). We may consider extrinsic evidence which demonstrates that there is no real controversy or that no effectual relief can be granted by consideration of the appeal. Intertype Corp. v. Pulver, 101 Fla. 1176, 135 So. 793 (1931); Stockyards Nat'l Bank v. Arthur, 45 Idaho 333, 262 P. 510 (1927); 5 C.J.S. Appeal and Error § 1377 (1958).

The disclaimer, the filing of which appellant concedes, recites in pertinent part:

"Plaintiff [appellant herein] disclaims any and all right or claims to credit upon said note, or to offset against payments of principal and interest becoming due upon said note according to its terms, to the extent that proceeds of said

---

1. This sum was the interest differential between the 1971 payment due from appellant on her note and the payment due on the Aritex note. In the Texas lawsuit, the bank interpleaded this amount for a judicial determination as to whom payment should be made.

note shall be subjected and applied to payment of the balance due to Leslie N. Baker and Joy Baker, Intervenors herein, upon that judgment for $106,849.66, with interest at 6% per annum from February 8, 1971, for which this Court granted summary judgment herein on October 22, 1971, for said Intervenors against Defendants Irving L. Baker, Aritex Land Company, Inc., and Chaparral Cattle Company.

It being the intent and effect of this disclaimer that Plaintiff limits her claim for credit and offset upon said note to the balance of its principal remaining due and to proceeds becoming payable after (1) satisfaction of the interest therein of Defendant Bank of El Paso, formerly Chelmont State Bank, for payment of balance due to it upon loan to Defendant Aritex Land Company, Inc., prior to filing of this suit, to secure which loan said note was collaterally assigned to said Defendant Bank, and also (2) additional proceeds of principal and interest have been paid upon said note in the amount sufficient to satisfy and discharge the unpaid balance due upon the aforesaid judgment at the time or times as such note proceeds are paid; and Plaintiff accordingly recognizes the claim of Intervenors Leslie N. Baker and Joy Baker to collect the balance due to them upon their said judgment for $106,849.66, with interest at 6% from February 8, 1971, from said note, including the proceeds now on deposit in the registry of the court and all proceeds of said note subsequently realized over and above amounts due to Defendant Bank of El Paso, until such proceeds equal the balance due upon said judgment, as a

claim and right prior to that of Plaintiff to credit and offset upon said note and its proceeds."

Where a party voluntarily acquiesces in, ratifies or recognizes the validity of a judgment against him or otherwise takes a position inconsistent with his right to appeal, he impliedly waives or is estopped to assert his right to appeal. Rocks v. Brosius, 241 Md. 612, 217 A.2d 531 (1966); Lewis v. Shook, 182 Or. 483, 188 P.2d 148 (1947). Furthermore, since the net effect of the disclaimer is tantamount to a disclaimer of interest in the very subject matter of the garnishment proceedings, and appellant cannot be prejudiced by the judgment entered therein, she is not entitled to appeal. Leonard v. Belanger, 67 Nev. 577, 222 P.2d 193 (1950). The function of appellate courts is to decide issues when its decision would have an effect on the rights of the parties. Wood v. Gautier, 201 Kan. 74, 439 P.2d 73 (1968). When it is apparent that nothing could be accomplished by its decision and judgment, dismissal of an appeal is appropriate. Intertype Corp. v. Pulver, supra. We hold that appellant's disclaimer filed in the Texas litigation is inconsistent with a right to appeal from the Arizona judgment and additionally, any judgment we might render would actually have no effect on the rights of the parties to this appeal. We do not feel that "judicial wheel-spinning" is warranted merely because appellant feels that she has been subjected to "unfair and improper treatment" by the lower court.

Appeal dismissed.

KRUCKER, C. J., and HOWARD, J., concur.