510 P.2d 731

Mary WEST, Appellant,

v.

Joy BAKER, as Guardian of the Estate of
Jeffery Martin Baker, a minor, and Leslie
and Joy Baker, husband and wife, Appel-
lees.

No. 11055–PR.

Supreme Court of Arizona,
In Banc.

June 8, 1973.

**416**

Johnson, Hayes, Morales & Stompoly, by J. Mercer Johnson, Nolen L. McLean, Tucson, for appellant.

Bilby, Thompson, Shoenhair & Warnock, P. C., by Marvin S. Cohen, Tucson, for appellees.

STRUCKMEYER, Justice.

This is an appeal from a judgment on garnishment entered in the Superior Court of Pima County, Arizona. The Court of Appeals dismissed the appeal. We accepted review. Opinion of the Court of Appeals, 18 Ariz.App. 151, 500 P.2d 1139 (1972), vacated and judgment of the Superior Court reversed.

In 1967, appellant, Mary West, a single woman residing in Texas, purchased certain real property located in Texas from the Aritex Land Company, Inc., an Arizona corporation. She gave her installment note for $747,254.06, and executed certain instruments securing the indebtedness. The note provides:

"This note is due and payable as follows, to wit:

In annual principal installments of $50,000.00 or more, plus accrued interest on the balance, commencing March 1, 1968, and annually thereafter on the same date until March 1, 1977, when the entire remaining balance of principal, if any, plus accrued interest, shall be due."

Aritex endorsed on the back of the note by partial assignment the first $370,000.00 of the principal and interest to Chelmont State Bank, now the Bank of El Paso in Texas, transferred the security to it, and instructed West to make payments to the bank on the note as they became due until its debt to the bank was satisfied. The endorsement provides:

"FOR VALUE RECEIVED, the undersigned hereby sells, transfers and assigns to CHELMONT STATE BANK, the within Note, together with the Vendor's Lien and Deed of Trust Lien on the property securing same, and as endorser, guarantees the payment of the within note at maturity, or on demand at any time after maturity, waiving demand, protest and notice of non-payment thereof. This assignment is limited to the first $320,000.00 $370,000.00 (IB) of principal and plus interest paid on such amount. (IB)

ARITEX LAND CO., INC.

ATTEST:

Frances Baker By Irving L. Baker
 Secretary Irving L. Baker, President"

———————◆———————

Thereafter, by separate instrument Aritex transferred its remaining interest in the note to the Chaparral Cattle Company, a Texas corporation.

The Bakers, appellees herein, brought this suit in Pima County, Arizona, against Aritex and the Chaparral Cattle Company, asserting an indebtedness by Aritex and that the transfer, Aritex to Chaparral, was in fraud of creditors. On February 27, 1969, the Superior Court found that the transfer was fraudulent and void as to appellees, and entered a judgment for $100,000.00 together with interest against Aritex. On September 26, 1970, appellees caused to be issued out of the same action a writ of garnishment duly served on West. At the time the garnishment was served, no installment was due on the note until March 1, 1971. Pending trial on the tender of issue in garnishment, a payment on the West note became due and payment was made by West of the installment on principal and interest to the Bank of El Paso.

On July 7, 1971, the Superior Court found that the West note was not a nego-

tiable instrument at the time the writ of garnishment was served and, having jurisdiction over both West and Aritex, but not over the El Paso bank, entered a judgment, the pertinent parts to this appeal being:

"1. Plaintiffs [appellees here] are awarded judgment against Garnishee, Mary West, in the amount of $106,849.66 with interest at six percent (6%) from February 8, 1971, until paid. This amount shall be paid as follows:

\* \* \* \* \* \*

B. The amounts as they become due pursuant to the promissory note dated March 1, 1967, executed by Mary West which exceed the amounts then due the Bank of El Paso shall be paid to Plaintiff until such time as this judgment is satisfied.

\* \* \* \* \* \*

3. Aritex Land Company, Inc. and Mary West are ordered to, within five days, deliver a copy of this judgment to the Bank of El Paso with instructions to attach the copy to the promissory note dated March 1, 1967, executed by Mary West, payable to Aritex."

■ In considering the problem presented by this appeal, it may be first observed that under Arizona law, garnishment reaches installments on a contract which mature after the service of the writ, Weir v. Galbraith, 92 Ariz. 279, 287–288, 376 P.2d 396, 401–402 (1962). Under Texas decisions, the maker of a note may be garnisheed where the instrument is not negotiable, see, 26 Tex.Jur., Garnishment, § 21, p. 691 (1961), and may not if the note is negotiable, see, Big Lake State Bank v. Morris' Estate, 202 F.Supp. 115, 119 (N.D. Tex.1961). In any event we accept as a correct principle of law that the maker of a negotiable instrument can not be charged as garnishee except upon a showing which will clearly protect him against the holder, Manker ex rel. Ruyle v. Manker, 249 Ill. App. 161 (1928); Gunn v. Manthou, 138 Wash. 96, 99, 244 P. 133, 134 (1926), for the reason that the maker should not be exposed to the risk of double liability. *cf.*

Weitzel v. Weitzel, 27 Ariz. 117, 230 P. 1106 (1924).

The question, therefore, to which we address ourselves on this appeal is whether Mary West, if she complies with the Superior Court's order, is clearly protected against a possible future holder in due course of her note.

By the Uniform Commercial Code, as adopted both in Arizona, A.R.S. § 44–2524, subsec. C, and in Texas, Tex.Bus. & Com.Code, § 3.202(c) (1968), V.T.C.A., a partial assignment of a note destroys its negotiability.

"An indorsement is effective for negotiation only when it conveys the entire instrument or any unpaid residue. If it purports to be of less it operates only as a partial assignment."

■■ Consequently, the partial assignment by Aritex to the Bank of El Paso destroyed the note's negotiability as long as the bank was the holder, and any transferees of the bank's interest would not be holders in due course. But the situation is quite different after the bank has been paid and the partial assignment satisfied. In Texas, a judgment of fraudulent conveyance does not result in reinstatement of title in the grantor.

"A creditor's judgment subjecting property fraudulently conveyed by his debtor to the payment of his debt does not have the effect of reinvesting title in the fraudulent vendor." John Hancock Mut. Life Ins. Co. v. Morse, 132 Tex. 534, 539, 124 S.W.2d 330, 333 (Tex.Com.App. 1939).

This is also true in Arizona. In First National Bank v. McDonough, 19 Ariz. 223, 229, 168 P. 635, 638 (1917), the court said in speaking of a fraudulent conveyance:

"The conveyance is good as between the parties to it."

The Uniform Negotiable Instruments Act, § 32 (1896) recognized that where an instrument has been paid in part, it could be endorsed as to the residue. Under the Uniform Commercial Code, quoted *supra*, an

endorsement is effective for negotiation when it conveys any unpaid residue of an instrument.

The Superior Court's order requiring Aritex and West to deliver copies of the judgment to the Bank of El Paso with instructions to attach a copy to the note does not insure that the note will not be negotiated as to the residue at some future time. There are many contingencies out of which West may incur double liability.

The bank is not a party to this action and the Superior Court of Pima County has no jurisdiction to compel it to comply with the instructions. The bank's primary responsibility is to act in the best interests of its depositors and clientele. At its whim, it can disregard the instructions from Aritex and West and even if a copy of the judgment is attached, it could be detached if the bank's interest demanded such action, or the judgment, if attached, could be detached by any person into whose hands the note might later pass. The note would then be free to circulate in the stream of commerce free of defects not apparent on its face. Mecham v. United Bank, 107 Ariz. 437, 441, 489 P.2d 247, 251 (1971). *And see,* A.R.S. § 44–2534, U.C.C. § 3–304.

 There are potentially valid reasons why the bank might choose to disregard the instructions from Aritex and West. The note pays interest at 6% per annum. Considering the higher rate of interest prevailing at the present time, the bank might find it profitable to immediately discount the Aritex indebtedness either to Chaparral or Aritex. Moreover, if the bank attaches the judgment to the note, it thereby destroys the note's negotiability at least to the extent of the $106,000.00 due appellees under the Superior Court's judgment. The bank might consider that it would likely incur the expense of the defense of a lawsuit if, for example, Texas creditors of Chaparral felt they were damaged by the attachment of the judgment to the note, and conceivably the bank might be held liable to such creditors for impairing the note's negotiability to the extent of the $106,000.00. We also

note that the Bank of El Paso is under the jurisdiction of the Texas courts and subject to the orders of state and federal regulatory bodies, any one of which might conclude that the Arizona judgment should not be attached to the note.

In any event, since a conveyance fraudulent as to creditors is good as between the parties, Chaparral can require the Bank of El Paso, when its indebtedness has been discharged, to satisfy the partial assignment. Chaparral can take possession of the note, and if the judgment is not attached, by endorsement of the residue negotiate to a holder in due course. Or Aritex could lawfully obtain possession of the note upon satisfaction of the bank's indebtedness by a re-conveyance from Chaparral and it could endorse the residue of the note into the hands of a holder in due course. Even if the judgment is attached, it can be detached by any subsequent holder and pass freely into the stream of commerce free of defects.

 We do not think that because there is a lawsuit in Texas which may effectively settle all the rights of the parties, the Arizona court should have abandoned its responsibility to insure that West will not be required to pay twice. We hold, therefore, that since the Superior Court of Pima County, Arizona cannot insure that appellant will not incur double liability on the note, the judgment must be reversed.

There is one further matter which should be briefly considered before concluding this case. There was testimony at the hearing on the appellant's tender of garnishment that West had brought an action in El Paso County, Texas in March of 1970 to reform the note. Appellees attached to their brief on appeal a copy of an instrument filed in that action entitled "Disclaimer." They urge that this disclaimer moots certain of the issues in the present appeal.

 We have repeatedly held, consistent with the nearly universal rule, that an appellate court is confined in the determination of a case to what is shown by the

record only and cannot consider such extranenous matters. Gold v. Killeen, 50 Ariz. 126, 134, 69 P.2d 800, 804 (1937); Potter v. Home Owners' Loan Corp., 50 Ariz. 285, 289, 72 P.2d 429, 431 (1937); Stewart v. Phoenix Nat'l Bank, 49 Ariz. 34, 49, 64 P.2d 101, 108 (1937); Colvin v. Weigold, 27 Ariz. 569, 234 P. 555 (1925). *And see*, Cagle v. Home Ins. Co., 14 Ariz.App. 360, 366, 483 P.2d 592, 598 (1971); Haines v. Southern Pac. Co., 7 Ariz.App. 65, 70, 436 P.2d 159, 164, cert. denied 393 U.S. 860, 89 S.Ct. 134, 21 L.Ed.2d 127 (1968); In re Estate and Guardianship of Purton, 7 Ariz. App. 526, 537, 441 P.2d 561, 572 (1968); Taylor v. American Nat'l Ins. Co., 1 Ariz. App. 574, 576–577, 405 P.2d 826, 828–829 (1965). For this reason, we do not consider the purported "Disclaimer."

Judgment of the Superior Court of Pima County is ordered reversed, and the cause remanded for proceedings consistent with this opinion.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.