NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

PAUL ANTSELIOVICH, et al., *Plaintiffs/Appellants*,

*v.*

JP MORGAN CHASE BANK NA, et al., *Defendants/Appellees*,

US BANK NA, *Defendant/Appellee.*

No. 1 CA-CV 16-0515
FILED 5-1-2018

Appeal from the Superior Court in Maricopa County
No. CV2013-005659
The Honorable Karen A. Mullins, Judge

**REVERSED IN PART, AFFIRMED IN PART, AND REMANDED**

COUNSEL

Stephen Silverman Law, Scottsdale
By Stephen E. Silverman
*Counsel for Plaintiffs/Appellants*

Dickinson Wright PLLC, Phoenix
By Michael J. Plati
*Counsel for Defendants/Appellees JP Morgan Chase Bank NA and Wells Fargo Bank NA*

Quarles & Brady LLP, Phoenix
By C. Bradley Vynalek, Sarah R. Anchors, Brian Howie
*Counsel for Defendant/Appellee US Bank NA*

_____

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kent E. Cattani joined.

_____

**P E R K I N S**, Judge:

¶1        Appellants Paul Antseliovich and Oksana Gugis appeal the superior court's orders denying their motion for new trial and dismissing their Second Amended Complaint against Appellees JP Morgan Chase Bank NA ("Chase"), Wells Fargo Bank NA ("Wells Fargo"), and U.S. Bank NA. For the following reasons, we reverse dismissal of the conversion claim against Chase and Wells Fargo, affirm in part, and remand.

**FACTS AND PROCEDURAL HISTORY**

¶2        Appellants obtained a loan from U.S. Bank in May 2009, secured by a recorded deed of trust encumbering their residential property. In 2011, Appellants submitted a claim to their insurer, IDS Property Casualty Insurance Company ("IDS"), for water and structural damage to their home. Appellants then hired a contractor to repair at least some portion of their home. Between 2011 and 2012, IDS issued four checks totaling approximately $90,000 (the "Checks") to pay for the repairs. IDS made the checks jointly payable to Appellants, the contractor, and U.S. Bank. Appellants received the Checks, indorsed them, and gave them to the contractor. The contractor then deposited or cashed the Checks at Chase, without U.S. Bank's indorsement. The Checks were drawn on IDS's account with Wells Fargo, which honored the checks without U.S. Bank's indorsement.

¶3        A dispute between Appellants and IDS arose sometime during the claims adjustment process. In May 2013, when this dispute could not be resolved, Appellants filed suit against IDS, Wells Fargo, Chase, and others. The following month, Appellants amended their complaint to include U.S. Bank. In September 2013, Appellants requested leave to file a second amended complaint. Chase and Wells Fargo filed a joint motion to dismiss the First Amended Complaint in October 2013. Thereafter, in November 2013, the superior court granted Appellants' request to amend and the Second Amended Complaint became the operative complaint. In

December 2013, U.S. Bank filed its own motion to dismiss the Second Amended Complaint.[1]

¶4             In their Second Amended Complaint, Appellants alleged Chase and Wells Fargo converted the Checks, intentionally interfered with a contract between Appellants and U.S. Bank, and engaged in a conspiracy to deprive Appellants of their rights in the Checks. Additionally, Appellants alleged U.S. Bank had breached its deed of trust with Appellants by failing to pursue or assign a conversion claim against Chase and Wells Fargo, violated the contract's implied covenant of good faith and fair dealing, and converted the Checks. After oral argument, the superior court dismissed the claims against Chase, Wells Fargo, and U.S. Bank in March 2014. The case proceeded against IDS until Appellants and IDS reached a settlement in January 2016. Thereafter, the superior court entered a judgment of dismissal with prejudice as to Chase, Wells Fargo, and U.S. Bank.

¶5             Appellants filed a motion for new trial as to Chase, Wells Fargo, and U.S. Bank in March 2016, arguing Chase and Wells Fargo converted the Checks under Arizona's version of the Uniform Commercial Code. The superior court denied Appellants' motion and Appellants timely appealed the dismissal and denial of their motion for new trial.

## DISCUSSION

¶6             The grant of a motion under Arizona Rule of Civil Procedure 12(b)(6) is question of law. Thus, we review dismissal for failure to state a claim on which relief can be granted *de novo*. *Coleman v. City of Mesa*, 230 Ariz. 352, 355–56, ¶¶ 7, 9 (2012). In doing so, we assume the truth of all well-pled factual allegations and "indulge" reasonable inferences from those allegations; however, mere conclusory statements are insufficient to state a claim. *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶¶ 6–7 (2008). While the superior court looks only to the complaint in adjudicating a Rule 12(b)(6) motion, it may consider exhibits to the complaint, other documents central to the alleged claim, and public records regarding matters referenced in a complaint without converting a Rule 12(b)(6) motion into one for summary judgment. *See Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 63–64, ¶¶ 10, 13–14 (App. 2010). We will affirm dismissal only if, as a matter of law, the plaintiff is not entitled

---

[1] The superior court, without objection, ruled on the combined Chase and Wells Fargo Motion to Dismiss as though it had been directed at the Second Amended Complaint.

to relief under any interpretation of the alleged facts susceptible to proof. *Fidelity Sec. Life. Ins. Co. v. State Dep't of Ins.*, 191 Ariz. 222, 224, ¶ 4 (1998).

## I.    Conversion Claims

**¶7**        Conversion of a negotiable instrument is governed by Arizona Revised Statutes ("A.R.S.") section 47-3420, which provides, in relevant part, "An instrument is also converted if . . . a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment." A.R.S. § 47-3420(A). Thus, Chase and Wells Fargo are proper defendants in an action by Appellants for conversion of the Checks if the contractor who deposited the Checks was not entitled to enforce them or receive payment from them.

**¶8**        The Checks were made jointly payable to Appellants, the contractor, and U.S. Bank. Jointly payable negotiable instruments may only be "negotiated, discharged or enforced" by all co-payees. A.R.S. § 47-3110(D). The Checks were not indorsed by U.S. Bank and were paid to the contractor despite U.S. Bank's missing indorsement.

**¶9**        The superior court found that Appellants had no claim of conversion because they transferred their interest in the Checks under A.R.S. § 47-3203. "Transfer" is defined in that statute as the delivery of a negotiable instrument "by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument." A.R.S. § 47-3203(A). In this context, "delivery" is statutorily defined as the "voluntary transfer of possession." A.R.S. § 47-1201(B)(15). Upon transfer, the transferee gains any right of the transferor to enforce the instrument. A.R.S. § 47-3203(B).

**¶10**        A transfer of less than complete interest operates as an assignment. *See West v. Baker*, 109 Ariz. 415, 417 (1973). However, transfer or assignment only occurs when the payee delivers the instrument to a person with the intent to give the person receiving the instrument their rights to the instrument. A.R.S. § 47-3203(A). Thus, whether there was an assignment implicates a question of fact as to whether the delivery was meant to give any interest Appellants had in the checks to the contractor. Here, Appellants' intent in passing the Checks to the contractor has not been determined. Accordingly, the superior court erred by granting Chase and Wells Fargo's Rule 12(b)(6) motion solely on the basis that Appellants had indorsed the Checks and gave the Checks to the contractor. For the foregoing reasons we reverse the dismissal of Appellants' conversion claim against Chase and Wells Fargo.

¶11        Appellants additionally alleged U.S. Bank converted the Checks or converted a cause of action on the Checks. Appellants' Second Amended Complaint contains nothing more than conclusory statements regarding a common law claim of conversion against U.S. Bank. Because we do not consider mere conclusory statements, Appellants have failed to state a claim for common law conversion of a cause of action against U.S. Bank. *Cullen*, 218 Ariz. at 419, ¶ 7. Moreover, Appellants do not allege that U.S. Bank ever possessed the Checks or received proceeds from the Checks. Appellants' claim for conversion under A.R.S. § 47-3420 fails as to U.S. Bank; the superior court's dismissal of that claim is therefore affirmed.

## II.    Remaining Claims

¶12        Appellants' remaining claims against Chase, Wells Fargo, and U.S. Bank were properly dismissed. For the reasons set forth below, the allegations on which these claims are based are mere conclusory statements which fail to state a claim for which relief could be granted. *See Cullen*, 218 Ariz. at 419, ¶¶ 6–7.

### A.  Intentional Interference with Contractual Relations

¶13        Appellants alleged Chase and Wells Fargo intentionally interfered with the contract between Appellants and U.S. Bank. In support of this claim, Appellants alleged that Chase and Wells Fargo "are aware of the contract entered into between Plaintiffs and U.S. Bank" and "intentionally interfered with the contract . . . by engaging in a scheme to indifferently delay resolution of the fraud committed by a third party, and aided and endorsed by these defendants."

¶14        Intentional interference with contractual relations is an intentional tort that requires: the existence of a valid contractual relationship; knowledge of the relationship on the part of the interferor; intentional interference inducing or causing a breach; resultant damage to the party whose relationship has been disrupted; and improper action by the defendant. *Safeway Ins. Co., Inc. v. Guerrero*, 210 Ariz. 5, 10, ¶ 14 (2005). Although Appellants assert Chase and Wells Fargo knew of their relationship with U.S. Bank, they alleged no facts to support this assertion beyond U.S. Bank's presence as a co-payee on the Checks. More significantly, Appellants did not allege any acts by Chase or Wells Fargo to induce U.S. Bank to breach its contract with Appellants. Finally, Appellants did not allege any facts showing how Chase or Wells Fargo's alleged "scheme to indifferently delay resolution" of conduct by a third party constitutes intentional action by Chase or Wells Fargo, nor how such delay

induced or caused U.S. Bank to breach Appellants' contract. Accordingly, we affirm the superior court's dismissal of the intentional interference claim.

### B. Breach of Contract

**¶15**       With respect to U.S. Bank, Appellants alleged their contract required U.S. Bank to deposit any property insurance proceeds into "escrow . . . to be held for the benefit of Plaintiffs." U.S. Bank filed a copy of its deed of trust, as reflected in Maricopa County's public records, with its motion to dismiss.[2] The superior court properly considered the document as a matter of public record integral to the claims at issue. *See Strategic Dev. & Constr., Inc.*, 224 Ariz. at 64, ¶ 13. Reviewing the record *de novo*, and considering the actual text of the trust deed pursuant to *Strategic Development & Construction, Inc.*, the language alleged by Appellants appears nowhere in the deed. Instead, the deed gives U.S. Bank the right, but not the obligation, to hold insurance proceeds until repairs are made to its satisfaction. No term of the deed of trust requires U.S. Bank to hold or pursue insurance proceeds on behalf of Appellants, nor is there any indication that the insurance-related provisions are for the benefit of Appellants rather than U.S. Bank. Further, no term of the contract requires U.S. Bank to "credit [Appellants'] mortgage obligation" in the amount of checks it never received, to assign a cause of action, or to otherwise pay Appellants for missing or converted insurance proceeds. Consequently, we affirm the superior court's dismissal of Appellants' breach of contract claim against U.S. Bank.

### C. Breach of Implied Covenant of Good Faith and Fair Dealing

**¶16**       Appellants also alleged U.S. Bank breached the implied covenant of good faith and fair dealing in the deed of trust. The superior court dismissed this claim on the basis that it is derivative of Appellants' claim for breach of contract; however, breach of the implied covenant of good faith and fair dealing is not dependent on a breach of an enumerated contractual term. *Bike Fashion Corp. v. Kramer*, 202 Ariz. 420, 423–24, ¶ 14

---

[2] The deed of trust filed by U.S. Bank was dated 2013; however, the operative contract for the events giving rise to the Second Amended Complaint was actually a 2009 deed of trust. The 2009 deed of trust is recorded in the Maricopa County Recorder's Office. Pursuant to Arizona Rule of Evidence 201, we take judicial notice of the 2009 deed of trust. Paragraph 5 of the 2009 and 2013 deeds of trust are identical in all respects and do not affect the outcome at the superior court or on appeal.

(App. 2002). Indeed, a contracting party may commit a breach by exercising express discretion in a manner that denies the other party a reasonably expected benefit of the bargain. *Id.* at 424, ¶ 14.

**¶17**　　　　As discussed *supra*, however, nothing in the deed of trust required U.S. Bank to preserve, process, or pursue insurance proceeds outside its control. Instead, to the extent insurance proceeds are discussed, the deed of trust merely allows U.S. Bank to protect its security interest in Appellants' property by acting to preserve the collateral. From the terms of their agreement, Appellants could not reasonably expect U.S. Bank to affirmatively pursue insurance proceeds. Moreover, nothing in the deed of trust required U.S. Bank to litigate missing or converted insurance proceeds on behalf of Appellants, and Appellants could not characterize such action as an expected benefit of their bargain. We affirm the superior court's dismissal of Appellants' claim for bad faith as to U.S. Bank.

### D. Common Law Conspiracy and Fraud Claims

**¶18**　　　　Appellants also alleged all the defendants acted in concert to "commit a fraud upon the appraisal process" and to "delay and refuse payment" of the Checks. Nothing in the Second Amended Complaint explains or alleges any details of any Appellee's participation in the appraisal process. Furthermore, Appellants alleged no facts suggesting U.S. Bank was involved in the alleged conspiracy or fraud despite Appellants' reference to "Defendants" acting collectively. To the extent Appellants alleged a civil conspiracy in their Second Amended Complaint, these allegations amount to mere conclusory statements that do not satisfy the notice pleading requirements of Rule 8. *See also Cullen*, 218 Ariz. at 419, ¶¶ 6–7. Moreover, civil conspiracy alone is not a recognized cause of action in Arizona. *Wells Fargo Bank v. Arizona Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 498–99, ¶ 99 (2002). Plaintiffs must allege an underlying tort, such as fraud, when pleading a civil conspiracy. *Id.*

**¶19**　　　　Appellants alleged Appellees agreed to "commit a fraud" and "refuse payment" as part of the conspiracy. Once more, these allegations amount to mere conclusory recitations of unlawful acts and are insufficient to survive a motion to dismiss. *Cullen*, 218 Ariz. at 419, ¶¶ 6–7. Moreover, allegations of fraud must satisfy a higher standard of specificity. *See* Ariz. R. Civ. P. 9(b) (allegations of fraud must be stated with "particularity" as to the circumstances constituting fraud). While there is no "magic language" necessary to plead fraud, a plaintiff must plead all the essential elements of fraud. *Steinberger v. McVey ex rel. County of Maricopa*, 234 Ariz. 125, 141,

**¶20**       ¶ 73 (App. 2014). Here, Appellants failed to plead any of the elements of fraud. Thus, we affirm the superior court's dismissal of the civil conspiracy and fraud allegations.

### III.   Motion for New Trial

**¶21**       We review the denial of a motion for new trial for an abuse of discretion. *Styles v. Ceranski*, 185 Ariz. 448, 450 (App. 1996). Because we reverse the superior court's dismissal of the conversion claim against Chase and Wells Fargo, we do not consider the denial of retrial as to that claim. As to the remaining claims, for the reasons discussed *supra*, we affirm the superior court's denial of Appellants' motion for new trial.

### CONCLUSION

**¶22**       For foregoing reasons, we reverse the dismissal of Appellants' claim for conversion against Chase and Wells Fargo and remand the matter to the superior court. We affirm the dismissal of Appellants' remaining claims and the denial of Appellants' motion for new trial.

**¶23**       With respect to the contract claims against U.S. Bank, U.S. Bank has requested an award of attorneys' fees and costs. The award of attorneys' fees pursuant to A.R.S. § 12-341.01 is discretionary. *Winter v. Coor*, 144 Ariz. 56, 65 (1985). In our discretion, we deny U.S. Bank's request for attorneys' fees. As the prevailing party, U.S. Bank may seek its costs upon compliance with Arizona Rule of Civil Appellate Procedure ("ARCAP") 21. Because neither Appellants nor Appellees Chase and Wells Fargo prevailed on the totality of their claims, they are not prevailing parties under ARCAP Rule 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA

8